**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (If known): _____  Chapter __11__

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. Debtor's name | Axion International, Inc. | |
| 2. All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| 3. Debtor's federal Employer Identification Number (EIN) | 20-5331880 | |
| 4. Debtor's address | **Principal place of business**<br><br>4005 All American Way<br>Number    Street<br><br>_____<br><br>Zanesville          OH     43701<br>City             State   ZIP Code<br><br>Muskingum<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>Number    Street<br><br>_____<br>P.O. Box<br><br>_____<br>City    State    ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>501 Old Hewitt Road<br>Number    Street<br><br>_____<br><br>Waco             TX     76712<br>City             State   ZIP Code |
| 5. Debtor's website (URL) | http://axionintl.com | |
| 6. Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor    Axion International, Inc.            Case number (if known) _____
       Name

**7. Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. Check all that apply:

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

SIC Code 3089 (NAICS Code 326121)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

Check one:

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. Check all that apply:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
                                       MM / DD / YYYY
       District _____ When _____ Case number _____
                                       MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor See Schedule 1 _____ Relationship _____
       District _____ When _____
                                                  MM / DD / YYYY
       Case number, if known _____

Debtor    Axion International, Inc.      Case number (if known) _____
        Name

**11. Why is the case filed in *this* district?**

Check all that apply:

- [X] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [X] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [X] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other _____

Where is the property? _____
                       Number      Street

_____
City      State      ZIP Code

Is the property insured?

- [ ] No
- [ ] Yes. Insurance agency _____
  Contact name _____
  Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
- [ ] Funds will be available for distribution to unsecured creditors.
- [X] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [X] 200-999
- [ ] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated assets**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [X] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 3

Debtor  Axion International, Inc.                                    Case number (if known) _____
        Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☒ I have been authorized to file this petition on behalf of the debtor.
- ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/02/2015
              MM / DD / YYYY

X _[signature]_                            Donald W. Fallon
Signature of authorized representative of debtor    Printed name

Title  Chief Financial Officer & Treasurer

**18. Signature of attorney**

X _[signature]_                            Date   12/02/2015
Signature of attorney for debtor                  MM / DD / YYYY

Scott D. Cousins
Printed name

Bayard, PA
Firm name

222 Delaware Avenue, Suite 900
Number    Street

Wilmington                                 DE          19899
City                                       State       ZIP Code

302-655-5000                               SCousins@bayardlaw.com
Contact phone                              Email address

No. 3079                                   Delaware
Bar number                                 State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc., *et al.*,[1] | Case No.: 15-_____ (   ) |
| Debtors. | (Joint Administration Requested) |

## SCHEDULE 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion has been filed or shortly will be filed with the Court requesting that the Debtors' chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| COMPANY | DATE FILED |
|---|---|
| Axion International, Inc. | December 2, 2015 |
| Axion International Holdings, Inc. | December 2, 2015 |
| Axion Recycled Plastics Incorporated | December 2, 2015 |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

**UNANIMOUS WRITTEN CONSENT
OF THE BOARDS OF DIRECTORS
OF
AXION INTERNATIONAL HOLDINGS, INC;
AXION INTERNATIONAL, INC.;
AND
AXION RECYCLED PLASTICS INCORPORATED**

*December 2, 2015*

The undersigned, being all of the directors of (i) Axion International Holdings, Inc., a Colorado corporation (the "***Corporation***"), acting pursuant to Section 7-108-202 of the Colorado Business Corporation Act and the Bylaws of the Corporation; (ii) Axion International, Inc., a Delaware corporation ("***AI***") and wholly-owned subsidiary of the Corporation acting pursuant to Section 141 of the General Corporation Law of the State of Delaware and the Bylaws of AI; and (iii) Axion Recycled Plastics Incorporated, an Ohio corporation ("***ARPI***") and wholly-owned subsidiary of AI acting pursuant to Section 1701.54 of the Ohio Revised Code and the Bylaws of ARPI (ARPI together with AI, the "***Subsidiaries***")   hereby waive any notice required to be given in connection herewith and adopt the following resolutions by joint unanimous written consent (this "***Consent***") effective as of the date first set forth above, which shall have the same force and effect as if adopted at duly convened meetings of the boards of directors (collectively, the "***Board***") of the Corporation and the Subsidiaries, respectively.

WHEREAS, the Board has considered (i) the difficulties the Corporation and the Subsidiaries have experienced in recent years in obtaining the debt and equity financing required to sustain operations, notwithstanding comprehensive and broad-based efforts to obtain such financing, (ii) the financial and operational aspects of the Corporation's and the Subsidiaries' respective business, (iii) the future prospects and financial performance and condition of the Corporation and the Subsidiaries, (iv) current industry, economic and market conditions and trends in the markets in which the Corporation and the Subsidiaries compete, and (v) the current status of the Corporation and the Subsidiaries in light of recent events; and

WHEREAS, the Board has received, reviewed and considered the recommendation of senior management of the Corporation and the advice of the Corporation's and the Subsidiaries' professionals and advisors with respect to the options available to the Corporation and the Subsidiaries, including the possibility of pursuing a bankruptcy proceeding under Chapter 11 of title 11 of the United States Code the "**Bankruptcy Code**");

NOW, THEREFORE, BE IT RESOLVED, that after consideration of the alternatives presented to it and the recommendations of senior management of the Corporation and the Subsidiaries and the advice of the Corporation's and the Subsidiaries' professionals and advisors the Board has determined in its business judgment that it is desirable and in the best interests of the Corporation, the Subsidiaries and their respective creditors, employees, stockholders and other interested parties that

petitions be filed in the United States Bankruptcy Court for the District of Delaware by the Corporation and the Subsidiaries seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is

RESOLVED FURTHER, that any one or more of the Corporation's and the Subsidiaries' respective duly elected and presently incumbent Chief Executive Officer, President, Chief Operating and Technology Officer, Chief Financial Officer, and Treasurer (the "*Proper Officers*"), be, and they hereby are, authorized, empowered, and directed, on behalf of the Corporation and the Subsidiaries and in each of their names (a) to execute, verify and file all documents necessary or appropriate in connection with the filing of the chapter 11 bankruptcy petitions, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or documents in connection with the chapter 11 bankruptcy petitions; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Corporation's and the Subsidiaries' Chapter 11 cases (the **"Bankruptcy Cases"**); (c) appear as necessary at all bankruptcy proceedings on behalf of the Corporation and the Subsidiaries; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions as adopted herein; and it is

RESOLVED FURTHER, that, subject to approval by the Board, the Proper Officers of the Corporation and the Subsidiaries are authorized and empowered: (a) to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Corporation and the Subsidiaries, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents; (b) to pledge and grant liens on the assets of the Corporation and the Subsidiaries as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith and subject to approval by the Board, the officers of the Corporation and the Subsidiaries are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents, whether consented to or contested by the Corporation's existing lenders and/or the Subsidiaries' existing lenders; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to make decisions with respect to all aspects of the management and operation of the Corporation's and the Subsidiaries' business including, without limitation, organization, human resources, marketing, asset sales, logistics, finance, administration, oversight, of the prosecution of the Corporation's and the Subsidiaries' Bankruptcy Cases, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement of Financial Affairs, Schedule of Assets and Liabilities, a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as he may identify, in such manner as he deems necessary or appropriate in his sole and reasonable discretion consistent with the business judgment rule, subject to appropriate approval and governance by the respective Boards of Directors of the Corporation and the Subsidiaries, in accordance with the Corporation's and the

Subsidiaries' articles of incorporation and bylaws, applicable laws and the orders of the bankruptcy court; and it is

RESOLVED FURTHER, that the previous retention by the Corporation's and the Subsidiaries' management of the law firm of Bayard, P.A. (**"Bayard"**) as bankruptcy counsel to the Corporation and the Subsidiaries to represent and assist the Corporation and the Subsidiaries in connection with their consideration of various insolvency-related obligations and bankruptcy alternatives, and to assist the Corporation and the Subsidiaries in carrying out their respective duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's and the Subsidiaries' rights in connection therewith, is hereby approved and ratified, and the Proper Officers are hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Bayard; and it is

RESOLVED FURTHER, that the Proper Officers be, and hereby are, authorized and directed to employ Epiq Bankruptcy Solutions, LLC as claims and noticing agent to represent and assist the Corporation and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's and the Subsidiaries' rights and obligations, including filing any pleadings; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, LLC; and it is

RESOLVED FURTHER, that the Proper Officers are authorized and empowered to employ on behalf of the Corporation and the Subsidiaries any other professionals necessary to assist the Corporation and the Subsidiaries in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the officers of the Corporation and the Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Bankruptcy Cases and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the Proper Officers of the Corporation and the Subsidiaries; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Corporation or the applicable Subsidiary and the creditors of the Corporation or the applicable Subsidiary which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Corporation or any Subsidiary or substantially all of the assets of the Corporation or any Subsidiary; and it is

RESOLVED FURTHER, that, subject to the foregoing resolutions and requisite approval of the Board, the Proper Officers are authorized and empowered to take on

behalf of the Corporation and the Subsidiaries any and all actions, to execute, deliver, certify, file or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Proper Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 proceeding including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof; and it is

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officers or the Directors in the name and on behalf of the Corporation and the applicable Subsidiaries in furtherance of the purpose and intent of any or all of the foregoing resolutions are hereby ratified, confirmed, and approved in all respects.

*General Authority and Ratification*

RESOLVED FURTHER, that the Proper Officers be, and they hereby are, authorized and directed, for, in the name and on behalf of the Corporation and the Subsidiaries, as applicable, to take such steps, to perform all such acts and things, and to prepare, execute, swear to, acknowledge, certify, deliver, and file and record with appropriate governmental authorities or other persons any and all agreements, documents, applications, reports, notices, waivers, consents, certificates, or instruments which are contemplated by this Consent or which may be required by law, or appear to any Proper Officer or legal counsel to the Corporation or the Subsidiaries, as applicable, to be necessary, convenient, or appropriate to effectuate and consummate the transactions contemplated by the foregoing resolutions, to perform any obligations thereunder in accordance therewith, and to otherwise effectuate the purposes and intents of the foregoing resolutions, such necessity, convenience, or appropriateness to be conclusively evidenced by the taking or performance of any of the foregoing steps, acts and things, executions, filings, and/or recordings;

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by any Proper Officer in his capacity as such in connection with the matters contemplated in the foregoing resolutions be, and it hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation and the Subsidiaries, as applicable;

RESOLVED FURTHER, that this Consent shall be filed with the Secretary of the Corporation and the Secretaries of the Subsidiaries and included with the minutes of the proceedings of the Board; and

*Counterparts*

RESOLVED FURTHER, that this Consent may be executed and delivered (including by facsimile or Portable Document Format (pdf) transmission) in any number of counterparts with the same effect as if all parties hereto had signed the same document

and facsimile and other electronic copies of manually-signed originals shall have the same effect as manually-signed originals.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation and the Subsidiaries, do hereby execute this written consent as of the date first set forth above.

**BOARD:**

*/s/ Claude Brown*
Claude Brown*

*/s/ Perry Jacobson*
Perry Jacobson

*/s/ Steven Silverman*
Steven Silverman

*/s/ Anthony Hatch*
Anthony Hatch

*/s/ Allen Heshkowitz*
Dr. Allen Hershkowitz

*Sole director of the Subsidiaries

[Signature Page for Written Consent]

{BAY:02815528v2}

...

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc., *et al.*,[1] | Case No.: 15-_____ (    ) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's outstanding equity interests.

| SHAREHOLDER | APPROXIMATE PERCENTAGE OF SHARES HELD |
|---|---|
| Axion International Holdings, Inc.<br>4005 All American Way<br>Zanesville, Ohio 43701 | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Donald W. Fallon, the Chief Financial Officer and Treasurer of Axion International, Inc., declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Executed this 2nd day of December, 2015.

Signature: */s/ Donald W. Fallon*
Donald W. Fallon
Chief Financial Officer
and Treasurer

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re | Chapter 11 |
|---|---|
| Axion International, Inc., *et al.*,[1] | Case No.: 15-_____ (   ) |
| Debtors. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtor in this chapter 11 case and certain affiliated entities each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. The following is the list of Axion International, Inc.'s equity security holders, which was prepared in accordance with Rule 1007(a) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Axion International, Inc. | Axion International Holdings, Inc. | 4005 All American Way Zanesville, OH 43701 | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Donald W. Fallon, the Chief Financial Officer and Treasurer of Axion International, Inc., declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Executed this 2nd day of December, 2015.

Signature: */s/ Donald W. Fallon*
Donald W. Fallon
Chief Financial Officer
and Treasurer

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

{BAY:02815528v2}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc., *et al.*,[1] | Case No.: 15-_____ (    ) |
| Debtors. | (Joint Administration Requested) |

### DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Donald W. Fallon, the Chief Financial Officer and Treasurer of Axion International, Inc., declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding the Thirty Largest Unsecured Claims Against the Debtors and that it is true and correct to the best of my information and belief.

Executed this 2nd day of December, 2015.

                Signature: */s/ Donald W. Fallon*
                          Donald W. Fallon
                          Chief Financial Officer
                          and Treasurer

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

Fill in this information to Identify the case:

Debtor Name:   AXION INTERNATIONAL, INC.

United States Bankruptsy Court for the:    District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GORDIAN GROUP, LLC<br>950 THIRD AVENUE<br>17TH FLOOR<br>NEW YORK, NY  10022 | Tel: 212-486-3600<br>psk@gordiangroup.com;<br>hfo@gordiangroup.com | Professional services | CUD | $0.00 | $0.00 | $250,000.00 |
| 2 | KRAMER, LEVIN, NAFTALIS & FRANKEL LLP<br>1177 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 | Tel: 212-715-9205<br>eklein@kramerlevin.com | Professional services | | $0.00 | $0.00 | $203,123.79 |
| 3 | ADDAX TRADING LLC<br>ALEJANDRO MUNOZ-LEDO<br>1127 ELDRIDGE PARKWAY<br>HOUSTON, TX  77077 | Tel: 713-565-0566<br>alexmledo@gmail.com | Trade vendor | | $0.00 | $0.00 | $183,662.28 |
| 4 | EMERALD PACIFIC RESOURCES<br>548 MARKET STREET<br>SUITE 78529<br>SAN FRANCISCO, CA  94104 | Tel: 866-636-6541<br>wojtec@emerald-pacific.com | Trade vendor | | $0.00 | $0.00 | $162,662.30 |
| 5 | MCLENNAN COUNTY TAX OFFICE<br>215 N 5TH STREET<br>STE 118<br>WACO, TX  76701 | Tel: 254-757-5130<br>fax: 254-757-2666 | Tax | | $0.00 | $0.00 | $141,683.77 |
| 6 | COYOTE LOGISTICS, LLC.<br>KYLE SCHMIEG<br>960 NORTHPOINT PARKWAY, STE 150<br>ALPHARETTA, GA  30005 | Tel: 678-775-5140<br>kyle.schmieg@coyote.com | Trade vendor | | $0.00 | $0.00 | $134,475.52 |
| 7 | INDUSTRIAL RIGGING OF CENTRAL TEXAS INC<br>401 MILTON STREET<br>HEWITT, TX  76643 | Tel: 254-420-2940<br>kwoodliff@iroct.com | Trade vendor | | $0.00 | $0.00 | $117,685.51 |
| 8 | POLY RECYCLE OF MARYLAND LLC<br>1113 RESERVE CHAMPION DRIVE<br>ROCKVILLE, MD  20850 | Tel: 301-762-4646<br>michele@polyrecycle.com | Trade vendor | | $0.00 | $0.00 | $108,330.90 |

Debtor: AXION INTERNATIONAL, INC.     Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | GP HARMON RECYCLING LLC<br>TWO JERICHO PLAZA<br>WING C, STE 110, 1ST FLOOR,<br>JERICHO, NY  11753-1681 | Tel: 949-263-1900<br>james.wiseman@gapac.com | Trade vendor | | $0.00 | $0.00 | $106,442.11 |
| 10 | EKMAN RECYCLING<br>1800 ROUTE 34<br>BUILDING 4, SUITE 401<br>WALL, NJ  07719 | Tel: 732-202-9500<br>rich.serafin@ekmangroup.com | Trade vendor | | $0.00 | $0.00 | $97,248.21 |
| 11 | JOB-LINK PERSONNEL SERVICE<br>CHRISTI THARPE<br>510 N. VALLEY MILLS DR #306<br>WACO, TX  76710 | Tel: 254-399-9675<br>nikki@joblinkonline.com | Trade vendor | | $0.00 | $0.00 | $79,361.70 |
| 12 | IRTH COMMUNICATIONS, LLC<br>720 N. 4TH STREET<br>MONTPELIER, ID  83254 | Tel: 208-847-0249<br>teresa@irthcommunications.com | Professional services | | $0.00 | $0.00 | $67,500.00 |
| 13 | NILCO<br>RANDY RIDDELL<br>489 ROSEMONT ROAD<br>NORTH JACKSON, OH  44451 | Tel: 330-538-3386<br>dcosta@nilco.net | Trade vendor | | $0.00 | $0.00 | $65,564.80 |
| 14 | GEODIS WILSON USA, INC.<br>485C US HWY 1 STE 410<br>ISELIN, NJ  08830 | Tel: 817-481-1855<br>steve.russ@geodis.com | Trade vendor | | $0.00 | $0.00 | $62,963.50 |
| 15 | ST JOSEPH PLASTICS<br>RON MOORE<br>1102 5TH AVENUE<br>ST JOSEPH, MO  64505 | Tel: 816-279-1415<br>robj@stjosephplastics.com | Trade vendor | | $0.00 | $0.00 | $58,083.12 |
| 16 | LIFT TRUCK SUPPLY, INC.<br>3305 ROBERTSON RD<br>TYLER, TX  75701 | Tel: 254-742-2104<br>screek1@lifttrucksupplyinc.com | Trade vendor | | $0.00 | $0.00 | $56,004.39 |
| 17 | PRESS-SEAL GASKET<br>GARY JONES<br>2424 W STATE BLVD<br>FORT WAYNE, IN  46808` | Tel: 260-436-0521<br>evance@press-seal.com | Trade vendor | | $0.00 | $0.00 | $53,997.50 |
| 18 | BERGA RECYCLING INC<br>GAETAN DUMAS<br>266 RUE DE NAPLES<br>ST EUSTACHE, QE  J7P4X6 | Tel: 514-949-7244<br>gates@bergarecycling.com | Trade vendor | | $0.00 | $0.00 | $52,710.04 |
| 19 | PENN COLOR INC<br>MICHAEL CRESSWELL<br>400 OLD DUBLIN PIKE<br>DOYLESTOWN, PA  18901 | Tel: 215-345-6550<br>mmcgarrity@penncolor.com | Trade vendor | | $0.00 | $0.00 | $47,780.00 |
| 20 | CELLMARK RECYCLING INC.<br>80 WASHINGTON ST<br>NORWALK, CT  06854 | Tel: 203-299-5033<br>dominick.merole@cellmark.com | Trade vendor | | $0.00 | $0.00 | $45,953.70 |
| 21 | MAAG AUTOMATIK INC<br>1500 CONTINENTAL BLVD<br>SUITE Z<br>CHARLOTTE, NC  28273 | Tel: 704-716-9000<br>ann.eyrich@maag.com | Trade vendor | | $0.00 | $0.00 | $44,573.31 |

Debtor:  AXION INTERNATIONAL, INC.                                       Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | FASTENAL COMPANY<br>2001 THEURER BLVD<br>WINONA, MN  55987 | Tel: 570-420-9130<br>bod@fastenal.com | Trade vendor | | $0.00 | $0.00 | $40,443.58 |
| 23 | PERFECT PLASTIC RECYCLING<br>VIRAL THAKKAR<br>10550 BEAUMONT HWY<br>HOUSTON, TX  77078 | Tel: 713-675-1919<br>viral@perfectplastic.us | Trade vendor | | $0.00 | $0.00 | $37,402.60 |
| 24 | XPO LOGISTICS<br>ADAM SUDWEEKS<br>13777 BALLANTYNE CORPORATE PL<br>CHARLOTTE, NC  28277 | Tel: 855-shipxpo #8<br>tammy.chupa@xpo.com | Trade vendor | | $0.00 | $0.00 | $35,057.36 |
| 25 | RACK ENTERPRISES, LLC.<br>FAR WEST CAPITAL<br>4601 SPICEWOOD SPRINGS RD #200<br>AUSTIN, TX  78759 | Tel: 856-797-5690<br>richtds@comcast.net | Trade vendor | | $0.00 | $0.00 | $31,835.16 |
| 26 | HERZOG<br>203 NORTH BRITAIN ROAD<br>IRVING, TX  75061 | Tel: 214-596-2000<br>klambert@herzog.com | Trade vendor | | $0.00 | $0.00 | $31,305.34 |
| 27 | CALIFORNIA STATE BOARD OF EQUALIZATION<br>3321 POWER INN RD., STE. 130<br>SACRAMENTO, CA  95826-3893 | Tel: 916-227-6600<br>ohreg@boe.ca.gov | Tax | | $0.00 | $0.00 | $23,697.00 |
| 28 | GBQ PARTNERS, LLC<br>230 WEST STREET<br>SUITE 700<br>COLUMBUS, OH  43215 | Tel: 614-221-1120<br>tpowers@gbq.com | Professional services | | $0.00 | $0.00 | $21,854.00 |
| 29 | NORTH CAROLINA DEPARTMENT OF REVENUE<br>501 N WILMINGTON ST<br>RALEIGH, NC  27604 | Tel: 919-707-0880<br>fax: 919-850-2954 | Tax | | $0.00 | $0.00 | $21,247.00 |
| 30 | AGUSTIN M GARCIA DBA G S TRANSPORTATION<br>8214 WIND FOREST DRIVE<br>HOUSTON, TX  77040 | Tel: 281-903-6053<br>gstrans15@gmail.com | Trade vendor | | $0.00 | $0.00 | $16,200.00 |