IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Axion International, Inc.,<br><br>              Debtor. | Chapter 11<br><br>Case No.: 15-12415 (___) |
| In re<br><br>Axion International Holdings, Inc.,<br><br>              Debtor. | Chapter 11<br><br>Case No.: 15-12416(___) |
| In re<br><br>Axion Recycled Plastics Incorporated,<br><br>              Debtor. | Chapter 11<br><br>Case No.: 15-12417 (___) |

**MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

Axion International, Inc., Axion International Holdings, Inc., and Axion Recycled Plastics Incorporated (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, by and through their undersigned counsel, hereby move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules") for entry of an order, the proposed form of which is attached hereto, authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only (the "Motion"). In support of this Motion, the Debtors rely on the Declaration of Donald W. Fallon in Support of Chapter 11 Petitions and First Day Motions (the "Fallon Declaration"). In further support of this Motion, the Debtors respectfully submit as follows:

**Jurisdiction, Venue and Predicates for Relief**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2. The predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**Background**

3. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On the Petition Date, the Debtors also filed motions or applications seeking certain typical "first day" orders. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the Fallon Declaration, filed concurrently herewith and fully incorporated herein by reference.

5. The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner and a creditors' committee has yet to be appointed in these chapter 11 cases.

**Relief Requested**

7. The Debtors hereby request that this Court enter an order, substantially in the form submitted herewith, authorizing the joint administration of the Debtors' chapter

11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## Basis For Relief

8. Bankruptcy Rule 1015(b) states that: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and affiliates. See Fed. R. Bankr. P. 1015(b)(4).

9. Further, Local Rule 1015-1 provides:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015.1.

10. Axion International Holdings, Inc. ("Holdings") is a publicly-traded company (AXIH), organized under Colorado law, with executive offices located in Zanesville, Ohio. Axion International, Inc. ("Axion International"), a Delaware corporation, is a wholly-owned subsidiary of Holdings, and Axion Recycled Plastics Incorporated, an Ohio corporation, is a wholly-owned subsidiary of Axion International. Each of these Debtors is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code[1] and used in Bankruptcy Rule 1015(b). Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

---

[1] Section 101(2) of the Bankruptcy Code defines an "affiliate" as:
> [A] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities —

11. Further, joint administration of the Debtors' estates will be less costly and burdensome than the separate administration of each estate. For example, joint administration will permit the use of a single, general docket for the Debtors' cases and combined notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate in these cases numerous filings and additional matters, including notices, applications, motions, orders, hearings and other proceedings that will affect several, if not all, of the Debtors. With three Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. Joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in those cases.

12. Joint administration of the Debtors' estates also will avoid repetitive, duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' reorganization cases, and (ii) file many documents in only one of the Debtors' reorganization cases rather than in multiple cases; <u>provided</u>, <u>however</u>, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims

---

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

[B] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. Supervision of the administrative aspects of the chapter 11 cases by the Office of the U.S. Trustee (the "U.S. Trustee") and the Court will likewise be simplified by joint administration. As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, creditors, the U.S. Trustee, and the Court.

13. The rights of the respective creditors of each of the Debtors will not be prejudiced by joint administration of these cases. The relief requested in this Motion is purely procedural and will in no way affect any party's substantive rights.

14. The Debtors propose that the Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc., *et al.*,[1] | Case No.: 15-12415 (___) |
| Debtors. | (Jointly Administered) |

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

15. The Debtors submit that all parties' use of the simplified caption designated above, without reference to the Debtors' respective states of incorporation and tax incorporation matters, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

16. In addition, the Debtors request that the Court direct the Clerk to make an entry on the docket of each case (except that of lead Debtor, Axion International), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Axion International, Inc., Case No.: 15-12415 for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No.: 15-12415 shall be consulted for all matters affecting this case.

17. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. See Del. Bankr. L.R. 1015-1. The relief requested herein is commonly granted by numerous courts, including this Court.

18. For these reasons, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest and should be granted.

## Notice

19. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the creditors holding the 30 largest unsecured claims against the Debtors' estates, as identified in the Debtors' chapter 11 petitions; (c) the Debtors' secured lenders; (d) counsel for the proposed debtor-in-possession lender and stalking horse purchaser; and (e) all parties that have requested notice of pleadings in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form annexed hereto, granting the relief requested herein, and (b) grant to the Debtors such other and further relief as the Court may deem proper.

Dated: December 2, 2015
       Wilmington, Delaware        BAYARD, P.A.

                                       */s/ Justin R. Alberto*
                                       Scott D. Cousins (No. 3079)
                                       Justin R. Alberto (No. 5126)
                                       222 Delaware Avenue, Suite 900
                                       Wilmington, Delaware 19801
                                       Phone: (302) 655-5000
                                       Facsimile: (302) 658-6395
                                       Email: scousins@bayardlaw.com
                                                   jalberto@bayardlaw.com

                                       *Proposed Attorneys for Debtors*
                                       *and Debtors-in-Possession*