# **<u>EXHIBIT A</u>**

{BAY:01752961v1}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc.[1] | Case No.: 15-12415 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ___ |

### ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) ESTABLISHING CERTAIN NOTICE PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING FORM AND MANNER OF THE SALE AND CURE NOTICES; (IV) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Axion International, Inc. and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 105, 363, 365, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (i) approving the proposed auction and bidding procedures attached hereto as Exhibit I (the "Bidding Procedures") for the potential sale of substantially all of the Debtors' assets (the "Purchased Assets"); (ii) approving the bid protections, including the break up fee (the "Break Up Fee") and reimbursement of expenses (the "Expense Reimbursement Amount" and together with the Break Up Fee, the "Bid Protections");

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

(iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "<u>Assumption and Assignment Procedures</u>"); (iv) approving the form and manner of the Sale Notice and the Cure Notice (each as defined below); and (v) scheduling a hearing (the "<u>Sale Hearing</u>") to approve such sale (the "<u>Sale</u>"); and this Court having considered that portion of the Motion relating to the Bidding Procedures, and the arguments of counsel made, and the evidenced adduced, at the hearing on the Motion to approve the Bidding Procedures held on December ___, 2015 (the "<u>Bidding Procedures Hearing</u>"); and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be provided; and after considering objections, if any, to the Motion (the "<u>Objections</u>"); and the Court having determined that the relief requested in the Motion relating to the Bidding Procedures is in the best interest of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     Good and sufficient notice of the Motion has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief

---

[2] Capitalized terms used but not defined in this Order shall have the meanings given such terms in the Motion or the Bidding Procedures, as applicable.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Bankruptcy Rule 7052.

requested in the Motion (including the proposed Bidding Procedures, the Bid Protections and the Assumption and Assignment Procedures) has been afforded to all interested persons and entities.

C.      The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Bid Protections, (iii) approve the Assumption and Assignment Procedures, (iv) approve the form and manner of the Sale Notice and the Cure Notice (each as defined below), and (v) set the date of the Auction (as defined below) and the Sale Hearing.

D.      Due, sufficient, and adequate notice of the Bidding Procedures Hearing and the relief to be granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.  The Debtors' notice of the Motion, the proposed entry of this Order, the Bidding Procedures, the Bid Protections, the Assumption and Assignment Procedures, the Auction (as defined below) and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

E.      The proposed Sale Notice and Cure Notice (each as defined below) are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of the Sale, Auction (as defined below), Assumption and Assignment Procedures (including any Cure Amount), the Bidding Procedures or hearing on any of the foregoing is required.

F.     The Bidding Procedures, in substantially the form attached hereto and incorporated herein by reference, are fair, reasonable, and appropriate, were negotiated in good faith by the Debtors and Allen Kronstadt (Mr. Kronstadt or his designee, the "Purchaser"), and represent the best method for maximizing the value of the Debtors' estates.

G.     The Bid Protections, to the extent payable under the APA, (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Debtors' estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser, (iv) have been negotiated by the parties and their respective advisors at arm's-length and in good faith, and (v) are necessary to ensure that the Purchaser will continue to pursue the proposed Sale.  The Bid Protections were material inducements for, and a condition of, the Purchaser's entry into the APA.  The Purchaser is unwilling to commit to purchase the Purchased Assets under the terms of the APA unless the Purchaser is assured the Bid Protections if the Purchaser is not the purchaser of the Debtor's assets pursuant to the APA.

H.     The Assumption and Assignment Procedures are reasonable and appropriate.

I.     The entry of this Order is in the best interests of the Debtors, their estates, creditors, and interest holders and all other parties-in-interest herein.

NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED, to the extent set forth herein.

2.      All Objections to the Motion and the relief granted herein that have not been withdrawn, waived, resolved or settled are hereby denied and overruled in their entirety.

3.      The Bidding Procedures, as attached hereto, are approved.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

### The Bid Deadline

4.      The Purchaser shall be the Successful Bidder (as defined in the Bidding Procedures), without the need for an auction unless the following parties receive one or more Qualified Bids in writing, on or before **January 15, 2016 at 5:00 p.m. (prevailing Eastern time)** (the "Bid Deadline"): (1) the Debtors, 4005 All American Way, Zanesville, Ohio 43701 (Attn: Donald W. Fallon); (2) counsel for the Debtors, Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19899, Attn: Scott D. Cousins (scousins@bayardlaw.com) and Justin R. Alberto (jalberto@bayardlaw.com); and (3) counsel for any official committee appointed in these cases.

5.      For the avoidance of doubt, the Purchaser shall constitute a Qualified Bidder and the APA shall constitute a Qualified Bid for all purposes and in all respects with regard to the Auction (as defined below), the Bidding Procedures and the overall Sale process.

## Notice of the Sale and the Sale Hearing

6.      Within three (3) Business Days after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Debtors (or their agents) shall serve notice of the Motion, the APA (as defined in the Motion), this Order and the Bidding Procedures by first-class mail, postage prepaid, upon (a) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Purchased Assets; (b) all federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; (c) the United States Attorney's office; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) legal and financial advisors to any statutory committee appointed; (g) the parties included on the Debtors' list of thirty (30) largest unsecured creditors; (h) those parties who have filed the appropriate notice requesting notice of all pleadings filed in these cases; (i) the Attorney Generals in each state where the Debtors operate; (j) the Association for Attorney Generals; and (k) the Office of the United States Trustee.

7.      On the Mailing Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first-class mail, postage prepaid, the sale notice (the "Sale Notice"), substantially in the form attached hereto as Exhibit II, upon all other known creditors of the Debtors.

8.      The Sale Hearing to approve the sale of the Purchased Assets shall be held on **January 19, 2016 at \_\_\_\_:\_\_\_\_ (a.m./p.m.) (prevailing Eastern time)**

9.      Objections, if any, to the sale of the Purchased Assets to the Purchaser must be filed and served on: (i) counsel for the Debtors, Bayard, P.A, 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, Attn: Scott D. Cousins

(scousins@bayardlaw.com) and Justin R. Alberto (jalberto@bayardlaw.com); (ii) counsel for any statutory committee appointed in these cases; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 34, Wilmington, Delaware 19801, Attn: Natalie M. Cox, Trial Attorney for the U.S. Trustee (natalie.cox@usdoj.gov), and (iv) counsel to the Purchaser, (a) Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter; patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim; dania.slim@pillsburylaw.com); (collectively, the "Notice Parties") by **January 12, 2016 at 4:00 p.m. (prevailing Eastern time)**.

10.     Objections, if any, to the sale of the Purchased Assets to a Successful Bidder other than the Purchaser, or to the conduct of the Auction (as defined below), must be either filed and served on the Notice Parties any time prior to the Sale Hearing or presented during the Sale Hearing.

**The Auction**

11.     The Debtors are authorized to conduct an auction (the "Auction") with respect to the Purchased Assets.  The Auction shall take place on **January 18, 2016 at 10:00 a.m. (prevailing Eastern time)** at the offices of counsel for the Debtors, Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, the Purchaser and its counsel, and any official committee appointed in these cases and its counsel.  If the location of the auction changes, the Debtors shall file a notice with the Court and post the same on the website maintained by the Debtors' claims and noticing agent.  The Debtors

are authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

12.    The Debtors, the Purchaser and any other Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Debtors shall determine in their reasonable discretion, shall attend the Auction (such attendance to be in person) and only the Purchaser and such other Qualified Bidders will be entitled to make any Bids at the Auction.  The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed.  The Purchaser (in its capacity as a Bidder), and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.  Subject to the foregoing participation limitations, the Auction will be conducted openly and all creditors of the Debtors will be permitted to attend.

13.    Subject to the rights of parties in interest to (i) challenge the sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process, (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such parties may have hereunder or under applicable law, the Debtors may (I) select, in their business judgment and after consultation with any committee appointed in these cases, pursuant to the Bidding Procedures, the highest or

otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment after consultation with any committee appointed in these cases, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

14.    The Debtors may modify the bidding and conduct of the Auction in consultation with any committee appointed in these cases without further order of the Court, provided the modifications are reasonable and intended to maximize the value of the Debtors' estates.

15.    The Debtors shall file notice of the identity of the Successful Bidder within five (5) hours of the conclusion of the Auction.

16.    The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness or such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

### **The Bid Protections**

17.    Pursuant to Bankruptcy Code sections 105, 363 and 503, the Debtors are hereby authorized to pay the Bid Protections pursuant to and subject to the terms and conditions set forth in the APA.  Upon entry of this Order, the Bid Protections shall constitute a super priority administrative expense of the Debtors in these chapter 11 cases under Bankruptcy Code section 503(b)(1), subject only to the Carve-Out and the DIP Facility.

18.     The Bid Protections are hereby approved and shall be paid to the Purchaser as set forth in the APA.

19.     In the event the Debtors consummate a sale of the Purchased Assets to a Successful Bidder other than the Purchaser (an "Alternative Closing") and the Bid Protections become payable pursuant to the APA, the Break-Up Fee and Expense Reimbursement Amount shall be payable from the first cash proceeds of any Alternative Closing.   The Debtors confirm that it is critical to the process of maximizing the value of and arranging an orderly sale of the Purchased Assets to proceed by selecting the Purchaser to enter into the APA; without the Purchaser having committed considerable time and expense in connection with the sale of the Purchases Assets, the Debtors would potentially realize a lower price for their assets; and, therefore, the contributions of the Purchaser to the process have indisputably provided a substantial benefit to the Debtors and their estates.

20.     The Bid Protections shall be the sole remedy of the Purchaser if the APA is terminated under circumstances where the Bid Protections are payable.

### Assumption and Assignment Procedures

21.     The Assumption and Assignment Procedures are APPROVED as set forth herein.

22.     Within three (3) Business Days after entry of this Order, or as soon as practicable thereafter, the Debtors (or their agents) shall file with this Court and serve on each party to a proposed Assumed Contract and Lease a Cure Notice, substantially in the form attached hereto as Exhibit III (the "Cure Notice") that shall (i) state the cure amounts that the Debtors believe are necessary to assume such Assumed Contracts and

Leases pursuant to section 365 of the Bankruptcy Code (the "Cure Amount"); (ii) notify the non-debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Purchased Assets at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing or at a later hearing, as determined by the Debtors; (iv) state a deadline by which the non-debtor party shall file an objection to the Cure Amount or to the assumption and assignment of the Assumed Contracts and Leases and (v) contain instructions regarding how a non-debtor counterparty may obtain from the Purchaser information relating to adequate assurance; provided, however, that the inclusion of a contract, lease or agreement on the Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract or lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on the Cure Notice.

23.     Any objection to the Cure Amount or to assumption and assignment must be filed with the Court and served on the Notice Parties **so as to be received on or before January 12, 2016 at 4:00 p.m. (prevailing Eastern time)** (the "Cure Objection Deadline").  Any such objection must also (i) state the basis for such objection and (ii) state with specificity what cure amount the party to the Assumed Contract or Lease believes is required (in all cases with appropriate documentation in support thereof).  If a Successful Bidder that is not the Purchaser prevails at the Auction, then the deadline to object to assumption and assignment shall be extended to the date of the Sale Hearing, but any such objection must be received before the start of the Sale Hearing; provided, however, that the deadline to object to the Cure Amount shall not be extended.  If a

Successful Bidder that is not the Purchaser prevails at the Auction, the Debtors shall serve the notice provided by paragraph 14 herein on all non-debtor counterparties to the Assumed Contracts and Leases by fax or email where available and overnight mail where fax and email are unavailable.

24.     Unless a non-debtor party to any executory contract or unexpired lease, including an unexpired real property lease, files an objection to the Cure Amount by the Cure Objection Deadline, such counterparty shall be (i) forever barred from objecting to the Cure Amount and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the Cure Notice against the Debtors, any Successful Bidder or any other assignee of the relevant contract.

25.     If a party objects to the Cure Amount and is party to an Assumed Contract or Lease to be assumed, then such cure objection shall not prevent or delay the Sale, nor shall it prevent the Court from entering a final Sale Order.  Instead, the Cure Amount alleged by the objecting party will be placed in escrow by the Successful Bidder, pending a ruling by the Court on the cure objection or an agreement by the parties.

26.     To the extent that a non-debtor counterparty to an Assumed Contract or Lease was not provided with a Cure Notice (any such contract or lease a "Previously Omitted Contract"), the Debtors will notify the Successful Bidder within three Business Days (as defined in the APA) of the omission.  The Debtors shall serve a notice (the "Previously Omitted Contract Notice") to the counterparties to the Previously Omitted Contract indicating the Debtors' intent to assume and assign the Previously Omitted Contract.  The counterparties will have fourteen (14) days to object to the Cure Amount or the assumption.  If the parties cannot agree on a resolution, the Debtors will seek an

expedited hearing before the Court to determine the Cure Amount and approve the assumption.  If there is no objection, then the counterparties will be deemed to have consented to the assumption and assignment and the Cure Amount, and such assumption and assignment and the Cure Amount shall be deemed approved by the Sale Order without further order of this Court.

## **Related Relief**

27.     Any obligations of the Debtors set forth in the APA that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

28.     The Debtors are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established this Order.

29.     This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

30.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

31.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

32.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bid Protections, the APA, the Bidding Procedures and the implementation of this Order

Dated: _____ ___, 2015
         Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT I

**(BIDDING PROCEDURES)**

## Bidding Procedures

Below are the bidding procedures (the "Bidding Procedures")[1] that will be used in connection with an auction (the "Auction") and the sale (the "Sale") of substantially all of the assets (collectively, the "Purchased Assets") of Axion International, Inc. and certain of its affiliates (collectively, the "Debtors"), as debtors and debtors in possession in the chapter 11 cases currently pending in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Purchased Assets and the terms and conditions upon which the Debtors contemplate consummating a sale of the Purchased Assets are further described in that certain Term Sheet and Asset Purchase Agreement (the "APA"), by and between the Debtors and Allen Kronstadt (Mr. Kronstadt or his designee, the "Purchaser").  A copy of the Term Sheet is attached as Exhibit B to the motion filed with the Bankruptcy Court seeking approval of these Bidding Procedures.  A copy of the APA was filed on December 16, 2013 [D.I. ___].

On _____ ___, 2015 the Bankruptcy Court entered an order (the "Bidding Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best offer for the Purchased Assets through the process and procedures set forth below (the "Bidding Procedures").

## Purchased Assets to Be Sold

The Debtors are offering for sale all of the Purchased Assets.  Except as otherwise provided in the APA or a Modified APA (as defined below) submitted by a Successful Bidder (as defined below) (including any exhibits or schedules thereto) all of the Debtors' right, title and interest in and to the Purchased Assets subject thereto shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests") to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Purchased Assets with the same validity and priority as such Interests applied against the Purchased Assets, subject in each case to the terms of the Sale Order.

The APA provides that the Purchaser will acquire the Purchased Assets for the following consideration (collectively, the "Purchase Price"):

1.       Pursuant to section 363(k) of the Bankruptcy Code, a credit bid of at least $3.2 million for the Kronstadt Collateral;[2] provided, however, that the Purchaser may credit bid at the Auction up to the full amount of Kronstadt's Secured Indebtedness.

---

[1]     All capitalized terms not defined herein shall have the meaning given such terms in the Motion.

[2]     The Kronstadt Secured Indebtedness  is secured by the Kronstadt Collateral, which consists of (a) second-priority perfected security interests in the Ohio State Collateral (defined below) and the Community Bank Collateral (defined below), and (b) a first-priority perfected security interest in all of the other assets of the Debtors.

2.      The Purchaser will assume so much of the $5.2 million Kronstadt secured debt that is not credit bid to acquire the Kronstadt Collateral.

3.      The Purchaser will assume the Debtors' postpetition financing under that certain DIP Facility.

4.      The Purchaser will pay the cure costs of any executory contracts or unexpired leases assumed and assigned to it in connection with the Sale.

5.      The Purchaser will make a cash payment for the Ohio State Collateral and a cash payment for the Community Bank Collateral.

After the Auction, the Debtors will seek entry of an order from the Bankruptcy Court authorizing and approving the Sale Transaction to the Qualified Bidder (defined below) that the Debtors determine has made the highest or best offer (the "Successful Bidder").

### The Bidding Process

The Debtors and their advisors shall (i) determine whether any person is a Qualified Bidder, (ii) coordinate the efforts of Potential Bidders (as defined below) in conducting their due diligence investigations, (iii) receive offers from Bidders (as defined below), and (iv) negotiate any offers made to acquire the Purchased Assets (collectively, the "Bidding Process").

### Key Dates for Potential Competing Bidders

The Bidding Procedures provide interested parties with the opportunity to qualify for and participate in an Auction to be conducted by the Debtors and to submit competing bids for the Purchased Assets. The Debtors shall assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **January 15, 2016 at 5:00 p.m. (prevailing Eastern time)** (the "Bid Deadline").

The key dates for the sale process are as follows:

| | |
|---|---|
| January 15, 2016 at 5:00 p.m. EDT | Bid Deadline - Due Date for Bids and Deposits |
| January 18, 2016 at 10:00 a.m. EDT | Auction |
| January 12, 2016 at 4:00 p.m. EDT | Objection Deadline in Connection with Sale of Purchased Assets and Cure Amounts |
| January 19, 2016 at __:__ a.m./p.m. EDT | Sale Hearing |

## Participation Requirements

In order to participate in the Bidding Process, each Potential Bidder, other than the Purchaser, must deliver (unless previously delivered) to the Debtors:

(i)      An executed confidentiality agreement in form and substance satisfactory to the Debtors; and

(ii)     Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Purchased Assets, current audited financial statements of the equity holder(s) of the Potential Bidder, or such other form of financial disclosure acceptable to the Debtors and their advisors in their sole discretion.

A "Qualified Bidder" is a Potential Bidder that timely delivers the documents described in subparagraphs (i) and (ii), whose financial information demonstrates the Potential Bidder's financial capability to consummate the Sale, and that the Debtors determine is reasonably likely (based on availability of financing, experience and other considerations) to submit a bona fide offer and to be able to consummate the Sale if selected as the Successful Bidder.

As soon as reasonably practicable after a Potential Bidder delivers all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder. For avoidance of doubt, the Debtors have determined that (i) the Purchaser is a Qualified Bidder, (ii) the State of Ohio is a Qualified Bidder for the purpose of credit bidding its debt against the Ohio State Collateral, and (iii) The Community Bank is a Qualified Bidder for the purpose of credit bidding its debt against the Community Bank Collateral. Notwithstanding anything to the contrary, neither the State of Ohio nor The Community Bank need to take any action to appear at the Auction to exercise their credit bid rights against their respective collateral, which rights are fully preserved.

## Due Diligence

The Debtors shall afford any Qualified Bidder the opportunity to conduct a reasonable due diligence review, including reasonable access to management, access to the electronic data room, other information that a Qualified Bidder may reasonably request, and such other information as to which the Debtors agree. The Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline (defined below). The Debtors reserve the right to withhold any diligence materials that the Debtors reasonably determine are business-sensitive or otherwise not appropriate for disclosure to a Potential Bidder who is a competitor of the Debtors or is affiliated with any competitor of the Debtors. Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder.

Each Potential Bidder and Qualified Bidder (as defined below) shall comply with all reasonable requests for additional information by the Debtors or their advisors

regarding the ability of such Potential Bidder or Qualified Bidder, as applicable, to consummate its contemplated transaction

All due diligence requests must be directed to Axion International Inc., Donald W. Fallon, Chief Financial Officer, 4005 All American Way, Zanesville, Ohio 43701 (740-452-2500; dfallon@axih.com) and Bayard, P.A. (Attn: Justin R. Alberto) 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801 (302-429-4226; jalberto@bayardlaw.com).

### Bid Deadline

A Qualified Bidder who desires to make a bid shall deliver its original bid, one copy thereof, and email a copy of its bid to the Debtors' attorneys not later than **January 15, 2016, at 12:00 noon** (prevailing Eastern time) (the "Bid Deadline").

### Bid Requirements

To be eligible to participate in the Auction, each bid must include the following documents (the "Required Bid Documents"):

A.   Same or Better Terms: Each Bid must be on terms that the Debtors, in their business judgment, determine are the same or better than the terms of the APA.

B.   Executed Agreement: Each Bid must be based on the APA and must include executed transaction documents (a "Modified APA"). A Bid must also include a copy of the Modified APA marked to show those amendments and modifications from the APA. Each Modified APA must provide a commitment to close within three business days after all closing conditions are met. The Debtors will consider proposals for less than the Purchased Assets, provided that the Debtors may evaluate all bids in their sole discretion to determine whether such bid maximizes the value of the Debtors' estate.

C.   Designation of Assigned Contracts and Leases:   A Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Bidder wishes to be assumed and assigned to the Qualified Bidder at closing, pursuant to the Modified APA; provided, however, that the Qualified Bidder shall have a right to modify the list of such executory contracts and unexpired leases at any time prior to closing.

D.   Designation of Assumed Liabilities:   A Bid must identify all liabilities which the Qualified Bidder proposes to assume, including cure costs, if any.

E.    <u>Corporate Authority</u>:    A Bid must include written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate authorization to consummate the Modified APA; *provided* that, if the Qualified Bidder is an entity specially formed for the purpose of effectuating the Modified APA, then the Qualified Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the Modified APA by the equity holder(s) of such Qualified Bidder.

F.    <u>Disclosure of Identity of Bidder</u>:    A Bid must fully disclose the identity and contact information of each entity that will be bidding for or purchasing the Purchased Assets or otherwise participating in connection with such Bid.

G.    <u>Regulatory and Third Party Approvals</u>:    A Bid must set forth each regulatory and third-party approval required for the Qualified Bidder to consummate the Modified APA, and the time period within which the Qualified Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than fifteen (15) days following execution and delivery of the Modified APA, those actions the Qualified Bidder will take to ensure receipt of such approval(s) as promptly as possible).

H.    <u>Contingencies</u>:    Each Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

I.    <u>Irrevocable</u>: Each Bid must be irrevocable until the Sale Hearing (defined below); provided, however, that the Successful Bid(s) and the Back-Up Bid(s) (defined below) shall remain open and shall be irrevocable until the earlier of (i) 30 days after the Sale Hearing or (ii) consummation of the Sale contemplated by the asset purchase agreement with the Successful Bidder or the Back-Up Bidder, as the case may be.

J.    <u>Compliance with Information Requests</u>.    The Qualified Bidder submitting the Bid must have complied with reasonable requests for additional information from the Debtors (as described above) to the reasonable satisfaction of the Debtors.

K.    <u>Confidentiality Agreement</u>.    To the extent not already executed, the Bid must include an executed confidentiality agreement in the form and substance reasonably satisfactory to the Debtors.

L.      Termination Fees.  The Bid must not entitle the Qualified Bidder to any break-up fee, termination fee or similar type of payment or reimbursement

M.      Good Faith Deposit:  Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the purchase price contained in the Modified APA(as defined below), before any reductions for assumed indebtedness, to an interest-bearing escrow account to be identified and established by the Debtors (the "Good Faith Deposit").

N.      Proof of Financial Ability to Perform:  Written evidence of a commitment for financing or other evidence of the Potential Bidder's ability to consummate the Sale Transaction satisfactory to the Debtors and their advisors.

A bid from a Potential Bidder other than the Purchaser will be considered to be a qualified competing bid (a "Qualified Competing Bid") only if the bid is received before the Bid Deadline, includes all of the Required Bid Documents, and acknowledges and represents that the Potential Bidder (i) has had an opportunity to conduct any and all due diligence regarding the Purchased Assets prior to making its bid, (ii) has relied solely on its own independent review, investigation, and inspection of any documents and the Purchased Assets in making its bid, and (ii) did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith or the Auction.

The Debtors shall inform counsel to the Purchaser and any other Qualified Bidder whether the Debtors will consider any bid to be a Qualified Bid no later than two (2) days (to the extent practicable) before the Auction.  The Debtors shall further provide at that time a copy of all Qualified Bids (if any) to counsel to the Purchaser and all Qualified Bidders (if any).

## Sale Free and Clear

All of the Debtors' right, title and interest in and to the Purchased Assets shall be sold free and clear of all agreements, obligations, disabilities, claims, security interests, liens, pledges, restrictions, tenancies, mortgages and encumbrances of any nature whatsoever (other than obligations with respect to the Assumed Contracts and Assumed Liabilities, if any) in accordance with section 363 of the Bankruptcy Code.

## Auction

If no Qualified Bid (other than the APA) is received by the Bid Deadline, the Debtors shall not conduct the Auction and shall accept the APA, in which case the APA shall be the Successful Bid and the Purchaser shall be the Successful Bidder.

If one or more Qualified Competing Bids (other than the APA submitted by the Purchaser) are received, the Debtors shall conduct the Auction to determine the highest or otherwise best bid for the Purchased Assets.  This determination shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the estates and may include, but are not limited to, the following:  (a) the amount and nature of the consideration, including any assumed liabilities; (b) the number, type and nature of any changes to the APA requested by each Qualified Bidder; (c) the extent to which such modifications are likely to delay closing of the sale of the Debtors' assets and the cost to the Debtors of such modifications or delay; (d) the total consideration to be received by the Debtors; (e) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (f) the net benefit to the Debtors' estates; and (g) any other qualitative or quantitative factor the Debtors deem reasonably appropriate under the circumstances (collectively, the "Bid Assessment Criteria").

The Auction shall commence at **10:00 a.m.** (prevailing Eastern time) on **January 18, 2016** at the offices of Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or such other time or other place as agreed to by the Purchaser and the Debtors.  If the location of the auction changes, the Debtors shall file a notice with the Court and post the same on the website maintained by the Debtors' claims and noticing agent.

Other than the State of Ohio and The Community Bank (each as to its respective collateral), only the Debtors, the Purchaser, and all Qualified Bidders who have submitted a Qualified Competing Bid are eligible to participate at the Auction (such attendance to be in person).  Subject to the foregoing participation limitations, the Auction will be conducted openly and all creditors of the Debtors will be permitted to attend.

The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed.  Other than as expressly set forth herein, the Debtors may conduct the Auction in the manner they reasonably determine will result in the highest or otherwise best offer for any of the Debtors' assets.  The Debtors shall use their best efforts to provide each Qualified Bidder participating in the Auction with a copy of the Modified APA associated with the highest or otherwise best Competing Qualified Bid received before the Bid Deadline (such highest or otherwise best Qualified Bid the "Auction Baseline Bid").  In addition, at the start of the Auction, the Debtors shall describe the terms of the Auction Baseline Bid.  Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures and (c) has consented to the core jurisdiction of the Bankruptcy Court (as described more fully below).

During the Auction, bidding shall begin initially with the Auction Baseline Bid.  Any overbid (an "Overbid") must provide consideration of at least **$150,000** higher than the previous bid.  The Debtors reserve the right to announce reductions in the minimum incremental bids at anytime during the Auction.  Also, any overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all

changes requested by the Qualified Bidder to the APA or Modified APA, as the case may be, in connection therewith.    Any Overbid must remain open and binding on the Qualified Bidder until the conclusion of the Auction (or later if it constitutes the Successful Bid or the Backup Bid).

The Debtors shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, and the basis for calculating such total consideration and such other terms as the Debtors reasonably determine will facilitate the Auction.

The Auction shall continue until there is only one offer that the Debtors determine, in their business judgment and subject to court approval, is the highest and otherwise best offer from among the bids submitted at the Auction (the "**Successful Bid**").    In making this decision, the Debtors may consider, among other things, the amount of the purchase price, the net benefit to the Debtors' estates, the form of consideration being offered, the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof and the number, and the type and nature of any changes to the APA.    The Qualified Bidder submitting the Successful Bid (who may be the Purchaser) shall become the "Successful Bidder."

Promptly following the Debtors' selection of the Successful Bid and the conclusion of the Auction, the Debtors shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder within five (5) hours of the conclusion of the Auction

## Break-Up Fee and Expense Reimbursement Amount

To provide the Purchaser with an incentive to participate in a competitive process and to compensate the Purchaser for (i) performing substantial due diligence and incurring the expenses related thereto and (ii) entering into the Term Sheet and APA with the knowledge and risk that arises from participating in the sale and subsequent bidding process, the Debtors have agreed to pay the Purchaser the Break-Up Fee (in the amount of $550,000) plus the aggregate amount of all reasonable and documented out of pocket expenses and fees incurred by the Purchaser in connection with the transactions contemplated by the Term Sheet and APA, including reasonable legal and other professional expenses of not more than $250,000 in the event that the Acquisition Agreement is terminated pursuant to certain provisions of the Term Sheet and APA.

The Bid Protections were material inducements for, and a condition of, the Purchaser's entry into the Term Sheet and APA.    The Bid Protections shall be payable as set forth herein, in the Bid Procedures Order and the Term Sheet and APA.

## Backup Bidder

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Bid at the Auction, as determined by the Debtors, in the exercise of their business judgment, will be designated as the backup bidder (the "Backup Bidder").    The Backup Bidder shall be

required to keep its initial Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "Backup Bid") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern time) on the date that is thirty (30) days after the date of the Sale Hearing (the "Outside Backup Date"), or (ii) the closing of the transaction with the Successful Bidder.

Following the Sale Hearing, if the Successful Bidder (as defined below) fails to consummate an approved transaction, the Backup Bidder will be deemed to have the new prevailing bid, and the Debtors will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with the Backup Bidder.

## Sale Hearing

The Sale Hearing will be held on ***January 19, 2016, at _____ a.m.*** (prevailing Eastern time) (the "Sale Hearing") at the Bankruptcy Court, but may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing or as directed by the Bankruptcy Court. At the Sale Hearing, the Debtors shall seek entry of an order, authorizing and approving the Sale (i) if no other Qualified Competing Bid is received, to the Purchaser pursuant to the terms and conditions set forth in the APA or (ii) if a Qualified Bidder other than the Purchaser submits the Successful Bid, to the Successful Bidder.

Following the Sale Hearing, in the event that the approved sale is not consummated, the Debtors may seek to consummate a sale with respect to the Backup Bid, as disclosed at the Sale Hearing, and, in such event, the Backup Bid shall be deemed to be the Successful Bidder. The Debtors shall be authorized, but not required, to consummate the sale with the Backup Bid without further notice or order of the Bankruptcy Court.

## Return of Good Faith Deposit

The Debtors shall refund to those Qualified Bidders who are neither the Successful Bidder nor the Backup Bidder the Good Faith Deposit received from such bidders within five (5) business days after the Sale Hearing. The Good Faith Deposits of the bidders who have submitted the Successful Bid and the Backup Bid shall be held until the later of (i) 30 days after the Sale Hearing or (ii) consummation of a sale with the Successful Bidder or the Second Place Bidder, as the case may be. The Debtors are under no obligation to earn interest on any Good Faith Deposit.

## Forfeiture of Good Faith Deposit

If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors shall have no obligation to return the Good Faith Deposit to such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtors (subject to existing applicable liens), notwithstanding the consummation of any sale transaction with another Qualified Bidder.

## **Reservation of Rights of the Debtor**

Except as otherwise provided in the APA, the Bidding Procedures or the Bidding Procedures Order, the Debtors further reserves the right to:  (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (d) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (3) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all potential bidders; (f) impose additional terms and conditions with respect to all potential bidders; (g) with the consent of the Purchaser, extend the deadlines set forth herein; (h) with the consent of the Purchaser, continue or cancel the Auction and/or Sale Hearing in open court without further notice; (i) with the consent of the Purchaser and in the Debtors' business judgment, withdraw any asset from the process outlined herein at any time prior to the Sale Hearing; and (j) with the consent of the Purchaser, modify the Bidding Procedures and implement additional procedural rules that the Debtors determine, in their reasonable business judgment, will better promote the goals of the bidding process and discharge the Debtors' fiduciary duties and are not inconsistent with any Bankruptcy Court order or these Bidding Procedures.

# **EXHIBIT II**

**(SALE NOTICE)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc.[1] | Case No.: 15-12415 (CSS) (Jointly Administered) |
| Debtors. | **Re: Docket No. ___** |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On December 2, 2015, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On that same day the Debtors filed a motion (the "Bidding Procedures and Sale Motion"), pursuant to sections 105, 363, 365 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014 seeking entry of an order (the "Bidding Procedures Order"),[2] attached to the Bidding Procedures and Sale Motion as Exhibit A, (i) approving the proposed auction and bidding procedures (the "Bidding Procedures") for the potential sale of substantially all of the Debtors' assets (the "Purchased Assets") pursuant to that certain Asset Purchase Agreement (the "APA") between the Debtors and Allen Kronstadt (Mr. Kronstadt or his designee, the "Purchaser"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "Assumption and Assignment Procedures"); (iii) approving the form and manner of the Sale Notice and the Cure Notice; and (iv) scheduling a hearing (the "Sale Hearing") to approve such sale (the "Sale") [D.I. ___].

3. On _____ ___, 2015, the Bankruptcy Court entered the Bidding Procedures Order [D.I. ___]. Pursuant to the Bidding Procedures Order, if the Debtors receive one or more Qualified Bids (other than from the Purchaser), the Debtors will conduct an auction for the sale of the Debtors' assets (the "Auction"), beginning on **January 18, 2016 at 10:00 a.m. (prevailing Eastern time)** at the offices of Bayard,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures and Sale Motion, the Bidding Procedures Order or the Bidding Procedures, as applicable.

P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801.  The parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, by no later than **January 15, 2016 at 5:00 p.m. (prevailing Eastern time)** (the "Bid Deadline") may participate at the Auction.  Any party that wishes to take part in this process and submit a bid for the Debtors' assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.  The Auction will be conducted openly and all creditors of the Debtors are permitted to attend.

4.    The Sale Hearing will be held **January 19, 2016 at ___:___ (a.m./p.m.) (prevailing Eastern time)**, unless otherwise continued by the Debtors pursuant to terms of the Bidding Procedures.  The Sale Hearing will be held before the Honorable _____, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ___ Floor, Courtroom ___, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.    Objections, if any, to the sale, must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Bankruptcy Rules; and (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington, Delaware 19801, (i) to the sale to the Purchaser, on or before **January 12, 2016 at 4:00 p.m. (prevailing Eastern time)** and (ii) to the sale to a Successful Bidder other than to the Purchaser, any time prior to or during the Sale Hearing; and be served upon: (1) the Debtor, 4005 All American Way, Zanesville, Ohio 43701, Attn: Donald W. Fallon; (2) counsel for the Debtors, Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19899, Attn: Scott D. Cousins (scousins@bayardlaw.com) and Justin R. Alberto (jalberto@bayardlaw.com), Fax: (302) 658-6395; (3) legal and financial advisors to any statutory committee appointed in these cases; (4) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Natalie M. Cox (natalie.cox@usdoj.gov), Fax: (302) 573-6497; and (5) counsel to the Purchaser, (a) Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter, patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim; dania.slim@pillsburylaw.com); Fax: (202) 663-8007; provided, however, that to the extent the winning bidder at the Auction is an entity other than the Purchaser, any supplemental or further objections to the sale to the winning bidder, or to the conduct of the Auction shall be filed and served so as to be received no later than prior to the start of the Sale Hearing.  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.

6.    The relevant dates are summarized as follows:

| December 29, 2015 | Debtors to Serve Cure Notice |
|---|---|
| January 15, 2016 at 5:00 p.m. EDT | Bid Deadline - Due Date for Bids and Deposits |
| January 18, 2016 at 10:00 a.m. EDT | Auction |
| January 12, 2016 at 4:00 p.m. EDT | Objection Deadline in Connection with Sale of Purchased Assets and Cure Amounts |
| January 19, 2016 at ___:___ a.m./p.m. EDT | Sale Hearing.  Objections to Successful Bidder that is not Purchaser may be presented during the Sale Hearing. |

7.      Any non-debtor counterparty to an Assumed Contract or Lease that wishes to receive fax or email notice of the identity of the Successful Bidder must provide a fax number and/or email address to counsel for the Debtors, Bayard, P.A., Justin R. Alberto, Esquire, 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, email: (jalberto@bayardlaw.com), Tel: (302) 655-5000, Fax: (302) 658-6395.

8.      This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Bidding Procedures and Sale Motion and the Bidding Procedures Order, which shall control in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety.  Parties interested in receiving more information regarding the sale of substantially all of the Debtors' assets and/or copies of any related document, including the APA, the Bidding Procedures and Sale Motion, or the Bidding Procedures Order, may make a written request to counsel for the Debtor, Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19899, Attn: Justin R. Alberto (jalberto@bayardlaw.com).  In addition, copies of the Bidding Procedures and Sale Motion, the Bidding Procedures Order and this Notice can be found on (i) the Court's website, www.deb.uscourts.gov; and (ii) http://dm.epiq11.com/axion, and are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated: _____ ___, 2015          BAYARD, P.A.
      Wilmington, Delaware

                                         _____
                                         Scott D. Cousins (No. 3079)
                                         Justin R. Alberto (No. 5126)
                                         222 Delaware Avenue, Suite 900
                                         Wilmington, Delaware 19801
                                         Phone: (302) 655-5000
                                         Facsimile: (302) 658-6395
                                       Email: scousins@bayardlaw.com
                                               jalberto@bayardlaw.com

                                        *Proposed Attorneys for the Debtors*

# **EXHIBIT III**

**(CURE NOTICE)**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Axion International, Inc.[1] | Case No.: 15-12415 (CSS) (Jointly Administered) |
| Debtors. | Re: Docket No. ___ |

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY
### CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED

PLEASE TAKE NOTICE THAT:

**1.** Pursuant to the **Order (I) Establishing Bidding Procedures in Connection With the Proposed Sale of Substantially All of the Debtors' Assets; (II) Establishing Certain Notice Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Approving Form and Manner of the Sale and Cure Notices, (IV) Scheduling a Hearing to Consider the Proposed Sale, and (V) Granting Certain Related Relief** entered by the United States Bankruptcy Court for the District of Delaware on _____ ___, 2015 [D.I. ___] (the "Bidding Procedures Order"),[2] the above captioned debtors and debtors in possession (the "Debtor") hereby provide notice that they is potentially seeking to assume and assign the executory contracts or unexpired leases (each, an "Assumed Contract or Lease") listed on Exhibit A attached hereto to the Successful Bidder.

2. When the Debtors assume and assign an Assumed Contract or Lease to which you are a party, on the Closing (as defined in the APA), or as soon thereafter as practicable, the Successful Bidder will pay you the amount the Debtors' records reflect is owing for prepetition arrearages as set forth on Exhibit A (the "Cure Amount"). The Debtors' records reflect that all postpetition amounts owing under your Assumed Contract or Lease have been paid and will continue to be paid until the assumption and assignment of the Assumed Contract or Lease, and that other than the Cure Amount, there are no other defaults under the Assumed Contract or Lease.

3. Inclusion of a contract or unexpired lease as an Assumed Contract or Lease on Exhibit A is not a guarantee that such contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder or an admission that such Assumed Contract or Lease is executory in nature. Should it be determined that the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures and Sale Motion or the Bidding Procedures Order, as applicable.

Assumed Contract or Lease to which you are a party will not be assumed and assigned, you will be notified in writing of such decision.

4.     Objections, if any, to the proposed Cure Amount or assumption and assignment must be made in writing and (i) state the basis for such objection and (ii) state with specificity what cure amount you believe is required (in all cases with appropriate documentation in support thereof) and be filed with the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **January 12, 2016 at 4:00 p.m. (prevailing Eastern time)** and served on: (1) the Debtor, 4005 All American Way, Zanesville, Ohio 43701, Attn: Donald W. Fallon; (2) counsel for the Debtors, Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19899, Attn: Scott D. Cousins (scousins@bayardlaw.com) and Justin R. Alberto (jalberto@bayardlaw.com), Fax: (302) 658-6395; (3) legal and financial advisors to any statutory committee appointed in these cases; (4) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Natalie M. Cox (natalie.cox@usdoj.gov), Fax: (302) 573-6497; and (5) counsel to the Purchaser, (a) Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter; patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim; dania.slim@pillsburylaw.com); Fax: (202) 663-8007.

5.     If an objection to the Cure Amount or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place before the Honorable _____, United States Bankruptcy Judge, 824 North Market Street, ___ Floor, Courtroom ___, Wilmington, Delaware 19801 at the Sale Hearing to be held **January 19, 2016 at ___:___ (a.m./p.m.) (prevailing Eastern time)**, or at a later hearing, as determined by the Debtors.  A hearing regarding the Cure Amount, if any, may be continued at the sole discretion of the Debtors until after the Closing.

6.     After the Auction, the Debtors will file, but not serve, a notice that identifies the Successful Bidder, provided however, if the Successful Bidder is not the Purchaser, the Debtors shall serve the notice on all non-debtor counterparties to the Assumed Contracts and Leases by fax or email where available and overnight mail where fax and email are unavailable.

7.     Any non-debtor counterparty to an Assumed Contract or Lease that wishes to receive fax or email notice of the identity of the Successful Bidder must provide a fax number and/or email address to counsel for the Debtors, Bayard, P.A., Justin R. Alberto, Esquire, 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, email: (jalberto@bayardlaw.com), Tel: (302) 655-5000, Fax: (302) 658-6395

8.     You will have the opportunity to evaluate and, if necessary, challenge the ability of any Successful Bidder to provide adequate assurance of future performance under the Assumed Contracts and Leases.  At the Sale Hearing, the Debtors shall present evidence necessary to demonstrate adequate assurance of future performance by the Successful Bidder.  If the Successful Bidder that prevails at the Auction is not the

Purchaser, then the deadline to object to assumption and assignment shall be extended to the date of the Sale Hearing, but any such objection must be received before the start of the Sale Hearing; provided, however, that the deadline to object to the Cure Amount shall not be extended.  Information requests relating to adequate assurance from the Purchaser should be directed to counsel to the Purchaser, ((a) Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street NW, Washington, DC 20036 (Attn: Patrick Potter; patrick.potter@pillsburylaw.com) and 324 Royal Palm Way, Suite 220, Palm Beach, FL 33480 (Attn: Dania Slim; dania.slim@pillsburylaw.com); Fax: (202) 663-8007.

9.      The Debtor, the Purchaser and/or the Successful Bidder reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Exhibit A hereto.  Notwithstanding anything to the contrary herein or in the APA, the proposed assumption and assignment of each of the Assumed Contract or Lease listed on Exhibit A hereto (a) shall not be an admission as to whether any such Assumed Contract or Lease was executory or unexpired as of the Petition Date or remains executory or unexpired postpetition within the meaning of Bankruptcy Code section 365; and (b) shall be subject to the Debtors', the Purchaser's and/or the Successful Bidder's right to conduct further confirmatory diligence with respect to the Cure Amount of each Assumed Contract or Lease and to modify such Cure Amount accordingly.  In the event that the Debtors, the Purchaser and/or the Successful Bidder determine that your Cure Amount should be modified, you will receive a notice, which will provide for additional time to object to such modification.

Dated: _____ ___, 2015
      Wilmington, Delaware            BAYARD, P.A.

                                  _____
                                  Scott D. Cousins (No. 3079)
                                  Justin R. Alberto (No. 5126)
                                  222 Delaware Avenue, Suite 900
                                  Wilmington, Delaware 19801
                                  Phone: (302) 655-5000
                                  Facsimile: (302) 658-6395
                                  Email: scousins@bayardlaw.com
                                            jalberto@bayardlaw.com

                                  *Proposed Attorneys for Debtors*
                                  *and Debtors-in-Possession*