# **EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Axion International, Inc.[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-12415 (CSS)<br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND
AUTHORIZING THE SALE OF ASSETS OF THE DEBTORS OUTSIDE THE
ORDINARY COURSE OF BUSINESS; (II) APPROVING THE SALE OF ASSETS
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (III)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for, among other things, the entry of an order (the "Sale Order") pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (1) authorizing and approving that certain Asset Purchase Agreement (the "APA," attached hereto as Exhibit A), dated as of December __, 2015, among the Debtors and Allen Kronstadt ("Kronstadt") or his designee (together with Kronstadt, the "Purchaser"); (2) approving the sale of all or substantially all of the Debtors' assets free and clear of liens, claims and encumbrances; (3) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (4) granting related relief; and the Court having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

[2] Capitalized terms used but not defined in this Order shall have the meanings given such terms in the Motion, the Bidding Procedures Order or the APA, as applicable.

reviewed the Motion and the APA; and the Purchaser having submitted the highest or best bid for the Purchased Assets; and a hearing having been held on _____ ___, 2016 (the "Sale Hearing"), to consider the relief requested in the Motion; and upon the proceedings at the Sale Hearing and the record herein; and adequate and sufficient notice of the Bidding Procedures, the Auction and all sale transactions contemplated in the Motion and this Sale Order; and after considering objections, if any, to the Motion; and the Court having determined that the relief requested in the Motion and approval and consummation of the Sale with the Purchaser are in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a) and 363(b), (f), (m)–(n), and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Bankruptcy Rules.

C. Notice of the Motion, the Bidding Procedures, the Auction, the Sale Hearing and the Sale was (i) due, proper, timely, adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (ii) in compliance with the Bidding Procedures and the Bidding Procedures Order, (iii) good, sufficient, and

appropriate under the particular circumstances of these cases, accordingly no further or other notice is required.

D. Cure notices of assignment (the "Cure Notices") and cure amounts (the "Cure Amounts") have been provided to all of the non-debtor counterparties to executory contracts and unexpired leases of personal property (the "Contracts"), as well as to all of the non-debtor counterparties to unexpired leases of non-residential real property (the "Real Property Leases" and together with the Contracts, the "Assumed Contracts and Leases"). The Cure Notices were adequate and sufficient for the assumption and assignment of the Assumed Contracts and Leases to the Purchaser and were all in accordance with and as provided in the Bidding Procedures Order.

E. A reasonable opportunity to object or be heard with respect to the Motion and the Sale has been afforded to all required parties and creditors.

F. Through marketing efforts and the sale process, the Debtors and their professionals afforded interested potential purchasers a full, fair, and reasonable opportunity to make a higher or better offer in accordance with the Bidding Procedures Order.

G. The Purchased Assets are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

H. As demonstrated by (i) the testimony or other evidence proffered or adduced at the Sale Hearing, (ii) the representations of counsel made on the record at the Sale Hearing, and (iii) the record in these cases, the Debtors and their professionals have actively marketed the Purchased Assets and conducted the sale process in compliance with the Bidding Procedures Order and the Bidding Procedures.

I. The Purchaser submitted the highest or best offer for the Purchased Assets. The Bidding Procedures obtained the highest value for the Purchased Assets for the Debtors and their estates.

J. The Debtors have demonstrated a sufficient basis and the existence of exigent circumstances requiring them to enter into the APA and sell the Purchased Assets under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates and their creditors.

K. The Debtors (i) have full power and authority to execute any and all documents contemplated in connection with the APA and (ii) have full power and authority necessary to consummate the Sale. Other than the consent of this Court, no consents or approvals are required for the Debtors or the Purchaser to consummate the Sale.

L. Approval of the APA and consummation of the Sale are in the best interest of the Debtors, their creditors, their estates, and other parties-in-interest.

M. The Debtors have demonstrated and proven good, sufficient and sound business purpose and justification for the Sale contemplated by the APA and this Sale Order, pursuant to sections 363 and 365 of the Bankruptcy Code. The relief requested in the Motion (including approval of the APA) at this time prior to and outside of a plan of reorganization is justified. The sale process was conducted in a manner consistent with the Bidding Procedures Order and the Bidding Procedures. Accordingly, the entry of this Sale Order is necessary and appropriate to maximize the value of the assets of the Debtors' estates.

N.  The APA was negotiated, proposed and entered into by and among the Debtors and the Purchaser without collusion, in good faith, and from arms'-length bargaining positions. Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the avoidance of the APA or the consummation of the Sale or the imposition of costs or damages under section 363(n) of the Bankruptcy Code.

O.  The Purchaser has acted in good faith in connection with the Sale Transaction and therefore constitutes a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereunder.

P.  The consideration provided by the Purchaser for the Purchased Assets pursuant to the APA (i) is fair and reasonable, (ii) is the highest or best offer for the Purchased Assets, (iii) is in the best interest of the Debtors' creditors and estates, (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia, and (v) will provide a greater recovery for the Debtors' creditors and estates than would be provide by any other practically available alternative.

Q.  The transfer of the Purchased Assets to the Purchaser in accordance with the APA and the other agreements executed and delivered in connection with the APA (collectively, the "Sale Documents") and this Sale Order, will be a legal, valid, enforceable, and effective transfer of the Purchased Assets, and will vest the Purchaser with all of the Debtors' rights, title, and interests in and to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests. The Purchaser shall have no liability for any claims against the Debtors or their estates or any liabilities or obligations of the Debtors or their estates including, without limitation, any liabilities arising under

or in connection with any product liability suit or other action that might otherwise be brought against the Purchaser under the doctrine of successor or transferee liability or similar doctrines or theories.

R. Subject to the terms of the APA, the Sale Documents and this Sale Order, the Debtors may sell the Purchased Assets free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Each entity with a security interest in the Purchased Assets has consented to the Sale, is deemed to have consented to the Sale, or could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interest, or the Sale otherwise satisfies the requirements of section 363(f) of the Bankruptcy Code.

S. The process for assuming and assigning the Assumed Contracts and Leases is integral to the APA, does not constitute unfair discrimination, and is in the best interest of the Debtors and their estates, creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. The Debtors have or will have as of the assumption and assignment of any Assumed Contract or Lease: (i) to the extent necessary, cured or provided adequate assurance of cure of any default existing prior to the assumption and assignment of an Assumed Contract or Lease, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code; and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the assumption and assignment of an Assumed Contract or Lease. The Purchaser's promise to perform the

obligations under the Assumed Contracts Leases after their assumption and assignment shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Assumed Contracts and Leases. Any objections to any Cure Amounts or defaults under any Assumed Contract or Lease have either been resolved, or shall be heard on such date as this Court may designate upon request by the Debtors with the Purchaser's prior consent.

T. The Debtors have demonstrated that assuming and assigning the Assumed Contracts and Leases in connection with the Sale is an exercise of their sound business judgment, and that such assumption and assignment is in the best interest of the Debtors' estates, for the reasons set forth in the Motion and on the record at the Sale Hearing, including, without limitation, because the assumption and assignment of the Assumed Contracts and Leases in connection with the Sale will maintain the ongoing business of the Debtors, limit the losses of counterparties to the Assumed Contracts Leases, and maximize the distribution to the Debtors' creditors.

U. The Sale must be approved and consummated promptly in order to preserve the value of the Purchased Assets. Therefore, time is of the essence in consummating the APA and the Sale, and the Debtors and the Purchaser intend to close the Sale as soon as possible. Accordingly, there is cause to lift the stay of execution of this Sale Order imposed by Bankruptcy Rule 6004(h).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is granted, as set forth herein.

2. The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All objections to the Motion or the relief requested therein (other than objections to any Cure Amount or defaults under any Assumed Contracts or Leases), if any, that have not been withdrawn, waived, or settled, are hereby overruled on the merits with prejudice.

4. The APA, and all of the terms and conditions thereof, and the Sale, including the assumption by the Debtors of Assumed Contracts and Leases and the assignment of Assumed Contracts and Leases to the Purchaser, are hereby approved.

5. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and directed to consummate the Sale, including the assumption by the Debtors of the Assumed Contracts and Leases and assignment of the Assumed Contracts and Leases to the Purchaser, pursuant to and in accordance with the terms and conditions of the APA and this Sale Order, effective immediately upon the entry of this Sale Order.

6. The Debtors are authorized and directed to consummate and implement the transactions contemplated by the APA, together with all additional instruments and documents that may be reasonably necessary to consummate and implement the transactions contemplated by the APA, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting,

conveying and conferring ownership of the Purchased Assets to the Purchaser, or as may be necessary or appropriate to perform the obligations contemplated by the APA.

7. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon consummation of the Sale (the "Closing"), the Purchased Assets (and good and marketable title to such Purchased Assets) shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances and any other interests of any kind or nature whatsoever, with all such liens, claims, encumbrances or any other interests of any kind or nature whatsoever to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have against the respective Purchased Assets.

8. Except as expressly provided in the APA and the Sale Documents or this Sale Order, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, licensors and lessors, holding liens, claims or encumbrances of any kind or nature whatsoever (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Debtors or the Purchased Assets arising under, out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' business prior to the Closing, or the transfer of the Purchased Assets to the Purchaser, shall be forever barred, estopped and permanently enjoined from asserting such persons' or entities' liens, claims or encumbrances against the Purchaser or the Purchased Assets, effective upon the

Closing, to the extent that such liens, claims or encumbrances relate to the Purchased Assets.

9.     As of the Closing, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Purchased Assets or a bill of sale or assignment transferring indefeasible title and interest in the Purchased Assets, including the Assumed Contracts and Leases, to the Purchaser.

10.    Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned on the Closing, the Debtors' assumption and assignment to the Purchaser of the Assumed Contracts and Leases designated by the Purchaser on or prior to Closing and the Purchaser's acceptance of such assignment on the terms set forth in the APA, the Motion and the Bidding Procedures Order, are hereby approved subject to the terms set forth herein.  The Assumed Contracts and Leases shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contracts and Leases of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code that prohibits, restricts, or conditions such assignment, transfer or sublease.  Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts and Leases arising after assignment to the Purchaser.  The Debtors are hereby authorized to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign or transfer the Assumed Contracts and Leases to the Purchaser.  On or prior to the Closing, the Purchaser may designate, by written notice to the Debtors, which of the Debtors' Contracts or Real Property Leases

are to be treated as Assumed Contracts and Leases (such notice, the "<u>Assumption Notice</u>").

11. Following entry of the Bidding Procedures Order, the Debtors served the Cure Notice by first class mail on all non-debtor counterparties to Contracts and Real Property Leases. The Cure Notice informed each recipient that its respective Contract or Real Property Lease may be designated by the Purchaser as assumed, and the timing and procedures related to such designation, and, to the extent applicable (i) the title of the Contract or Real Property Lease, (ii) the name of the counterparty to the Contract or Real Property Lease, (iii) the Cure Amounts, (iv) the identity of the Purchaser, and (v) the deadline by which any such Contract or Real Property Lease counterparty needed to file an objection to the proposed assumption and assignment or cure, and the procedures relating thereto.

12. With respect to the Assumed Contracts and Leases, to the extent there are any Cure Amounts unpaid as of the Closing, the Purchaser will pay or cause to be paid such Cure Amounts in accordance with the APA. The Purchaser's obligation to pay the Cure Amounts and the Purchaser's performance of its obligations under the Assumed Contracts and Leases after the Closing shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1) and 365(f)(2)(B) of the Bankruptcy Code.

13. Upon the Debtors' assignment of the Assumed Contracts and Leases to the Purchaser under the provisions of this Sale Order and Purchaser's payment of the Cure Amounts in accordance with this Sale Order and the APA, no default shall exist under any Assumed Contract or Lease and no counterparty to any such Assumed Contract or

Lease shall be permitted to declare or enforce a default by the Debtors or the Purchaser thereunder or otherwise take action against the Purchaser as a result of the Debtors' financial condition, change in control, bankruptcy, or failure to perform any of its obligations under the relevant Contract or Real Property Lease. Any provision in an Assumed Contract or Lease that prohibits or conditions the assignment or sublease of such Assumed Contract or Lease (including the grant of a lien therein) or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment or sublease, constitutes an unenforceable anti-assignment provision that is void and of no force and effect. The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract or Lease shall not be a waiver of such terms or conditions, or of the Debtors' and the Purchaser's rights to enforce every term and condition of the Assumed Contract or Lease.

14. The aggregate consideration provided by the Purchaser for the Purchased Assets pursuant to the APA (including the assumption of the Assumed Contracts and Leases thereunder) (a) is fair and reasonable and (b) shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The terms and conditions of the APA are fair and reasonable, and may not be avoided under section 363(n) of the Bankruptcy Code.

15. Prior to or upon the Closing of the Sale, the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their interests, including, without limitation, all liens, claims and

encumbrances, if any, in the Purchased Assets as such interests may have been recorded or may otherwise exist.

16.     This Sale Order (a) shall be effective as a determination that, upon the Closing, all liens, claims or encumbrances of any kind or nature whatsoever existing with respect to the Debtors or the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

17.     Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Sale Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

18.     If any person or entity that has filed financing statements, mortgages, mechanic's liens or other documents or agreements evidencing interests with respect to the Debtors or the Purchased Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtors, the Purchased Assets or otherwise, then (a) the Debtors

and the Purchaser are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets and (b) the Purchaser and the Debtors are hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims or encumbrances in, against or with respect to the Debtors and/or the Purchased Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

19. The Purchaser shall have no liability for any claims against the Debtors or their estates or any liabilities or obligations of the Debtors or their estates including, without limitation, any liabilities arising under or in connection with any product liability suit or other action that might otherwise be brought against the Purchaser under the doctrine of successor or transferee liability or similar doctrines or theories.

20. The Debtors and the Purchaser are hereby authorized and directed to execute and deliver such closing and other confirmatory documents and to take all actions necessary, desirable or appropriate to implement and effectuate the provisions of this Sale Order and the transactions approved hereby, without further order of the Court.

21. This Court hereby retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments thereto, any and all waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (a) compel the transfer and delivery of the Purchased Assets to the Purchaser, (b) resolve any controversy, dispute or claim

arising under or relating to the APA or any breach thereof, except as otherwise provided therein, and (c) interpret, implement, and enforce the provisions of this Sale Order and resolve any disputes related hereto. To the extent there are inconsistencies between the terms of this Sale Order and the APA, the terms of this Sale Order shall control.

22. Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the APA or any part of the Sale to be avoided under section 363(n) of the Bankruptcy Code. The Purchaser is a purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

23. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, its creditors, its shareholders, the Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting any liens, claims or encumbrances in, on or with respect to the Purchased Assets to be sold (including the Assumed Contracts and Leases) to the Purchaser pursuant to the APA, notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s), and shall not be subject to rejection. Nothing contained in any chapter 11 plan confirmed in these cases, or an order confirming such a plan, shall conflict with or derogate from the provisions of the APA or this Sale Order.

24. The failure specifically to include any particular provision of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA is authorized and approved in its entirety.

25. The APA and the Sale Documents may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

26. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

27. Neither the Debtors nor the Purchaser shall be required to pay any commissions to any brokers in connection with the Sale.

28. The provisions of this Sale Order are non-severable and mutually dependent.

29. Time is of the essence in the occurrence of the Closing of the Sale and the Debtors and the Purchaser intend to close the Sale as soon as possible. Accordingly, as provided by Bankruptcy Rule 7062, and notwithstanding Bankruptcy Rule 6004(h), this Sale Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the signing of this Sale Order.

Dated: January __, 2016
      Wilmington, Delaware

                                      The Honorable Christopher S. Sontchi
                                      United States Bankruptcy Judge