**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Axion International, Inc., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12415 (CSS)<br><br>Jointly Administered<br><br>**Hearing Date: 12/29/15 @ 10 a.m.**<br>**Objection Deadline: 12/22/15 @ 4 p.m.**<br><br>**Re: D.I. 10 & 11** |

**GORDIAN GROUP LLC'S OBJECTION TO DEBTORS' (A) MOTION FOR ORDERS AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND (B) MOTION TO OBTAIN SECURED DIP FACILITY**

Gordian Group, LLC ("Gordian") hereby objects to the *Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving Certain Notice Procedures, (C) Approving the Assumption and Assignment Procedures, and (D) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of the Debtors' Assets, and (B) the Assumption and Assignment of Certain Contracts and Leases* [Dkt. No. 11] (the "Sale Motion") and *Motion for (I) Authorization to (A) Obtain Secured DIP Facility Pursuant to 11 U.S.C. §§ 361, 362, and 364(C) and (D), (B) Grant Security Interests, Superpriority Claims and Adequate Protection and (C) Use Cash Collateral; and (II) Schedule a Final Hearing Pursuant to Bankruptcy Rule 4001(C)* [Dkt. No. 10] (the "Financing Motion") filed by Axion International, Inc., Axion International Holdings, Inc., and Axion Recycled Plastics Incorporated (collectively, the "Debtors"). In Support of this Objection, Gordian respectfully states as follows:

## BACKGROUND

1. In April 2015, prior to their bankruptcy filings, the Debtors engaged Gordian to provide financial advisory and investment banking services in connection with the potential restructuring of the Debtors or the sale of their assets. Gordian, whose engagement ended prepetition, has not been paid for its services and is identified as one of the Debtors' largest unsecured creditors. *See*, Dkt. No. 1.

2. On December 2, 2015, the petition date, the Debtors filed a number of papers including the Sale Motion and the Declaration of Donald W. Fallon in Support of Chapter 11 Petitions and Related Motions [Dkt. No. 3] (the "Fallon Declaration").

3. Pursuant to the Sale Motion, the Debtors seek to sell substantially all of the Debtors' assets to Allen Kronstadt, who (a) owns either individually or indirectly through intermediate entities in excess of 20% of the Debtors' equity interests, (b) purportedly holds a secured claim in excess of $5.2 million, (c) is the manager of the DIP Lender, Plastic Ties, and who would receive substantial benefits with respect to his secured claim if the proposed DIP order is approved on a final basis, (d) is a guarantor of a portion of the Debtors' debt, and (e) until June of this year served on the Debtors' board of directors.

4. Mr. Kronstadt proposes to purchase the Debtors' assets through (i) credit bidding his prepetition secured claim, (ii) assuming indebtedness, and (iii) making a cash payment of $500,000 to acquire certain collateral against which Mr. Kronstadt holds a second lien.

## OBJECTIONS

5. The Court should not allow the Debtors to railroad a fast sale to Kronstadt, an insider, especially where no urgency exists and the marketing to date is woefully insufficient. In both the Motion and the Fallon Declaration, the Debtors support their request for a fast sale by

attempting to describe a robust prepetition marketing effort. Gordian – who was engaged by the Debtors prepetition to assist with such efforts – completely disagrees with the Debtors descriptions contained in the Sale Motion and the Fallon Affidavit and believes the marketing conducted to date is woefully insufficient to ensure the value of the Debtors' assets are maximized.

6. Gordian raised these concerns with the Debtors and to the Court at the "first day" hearing on December 4, 2015. Rather than address Gordian's concerns, the Debtors instead have attempted to silence Gordian's voice by (a) asserting that Gordian is prohibited from commenting on the marketing process by virtue of its prior engagement, even if only to disagree with the Debtors' own characterization of the same, (b) upon information and belief, voicing objections to Gordian serving on the Official Committee of Unsecured Creditors, despite being one of the Debtors' largest unsecured creditors, and (c) objecting to representatives of Gordian being deposed by the Committee. Perhaps using the carrot and stick approach, Mr. Konstadt recently approached Gordian about a potential engagement in connection with the proposed acquisition, which Gordian promptly declined.

7. Currently, the sale process is being run by the Debtors' management who, in addition to having an existing relationship with Mr. Kronstadt, may be more concerned with protecting their jobs by conceding to the buyer's demands than maximizing value for creditors. Someone other than the Debtors' hopelessly conflicted board and management is needed to run a full and open sale process in order to ensure maximum value is achieved for the Debtors' estates.

8. Second, the Debtors' assets need to be offered for sale both as a whole and in separate lots to ensure they receive their respective highest and best offers.

9. Third, an insider stalking horse should not be entitled to a break-up fee, particularly in the amount proposed ($550,000), which is more than the amount of the actual cash purchase price ($500,000).

10. Fourth, any sale, especially one to an insider, should not include causes of action and avoidance claim recoveries. These constitute potentially valuable assets to the Debtors' unsecured creditors and should not be discarded by the Debtors.

11. Similarly, avoidance actions should not be subjected to liens in favor of the DIP Lender as proposed by the Financing Motion.

12. The Debtors have made little pretense of trying to obtain or preserve a recovery for unsecured creditors. The proposed auction process is evidence that the Debtors' goal is to protect insiders and management at the expense of creditors. Accordingly, the Sale Motion should be denied unless and until the Debtors propose a good faith and robust auction process and address the other objections herein.

**WHEREFORE**, Gordian respectfully requests that the Court deny the Sale Motion.

Dated: December 22, 2015

**THE ROSNER LAW GROUP LLC**
*/s/ Scott J. Leonhardt*
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: leonhardt@teamrosner.com

**PERKINS COIE LLP**
Schuyler G. Carroll
30 Rockefeller Center, 22nd Floor
New York, NY 10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649

*Attorneys for Creditor Gordian Group LLC*