IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Axion International, Inc.[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-12415 (CSS)<br>(Jointly Administered)<br><br>**Re: Docket Nos. 10 and 24** |

**SECOND INTERIM ORDER AUTHORIZING DEBTORS TO (I) OBTAIN SECURED DIP FACILITY PURSUANT TO 11 U.S.C. §§ 361, 362, AND 364(C) AND (D), (II) GRANT SECURITY INTERESTS, SUPERPRIORITY CLAIMS AND ADEQUATE PROTECTION AND (III) USE CASH COLLATERAL[2]**

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an interim (the "Second Interim Order") and final order (if entered, a "Final DIP Order") pursuant to sections 361, 362, 364(c) and 364(d) of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 4001(c)-(d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-2, 4001-3, 9013-1(f)-(g) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having held an interim hearing on December 4, 2015 (the "Interim Hearing") and having entered an interim order approving a "DIP Facility" [D.I. 24] (the "First Interim Order") on an interim basis, the Court scheduled a final hearing on December 29, 2015 at 10:00 a.m.; and a final hearing having been commenced on December 29, 2015, and continued to January 4, 2016, at which

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Axion International, Inc. [1880], Axion International Holdings, Inc. [6389], Axion Recycled Plastics Incorporated [5048]. The address of the Debtors' corporate headquarters is 4005 All American Way, Zanesville, OH 43701.

[2]  Capitalized terms used but not defined herein shall have the meanings given to them in the First Interim Order.

time the Court did not enter a Final DIP Order for the reasons stated by the Court on the record; and a hearing having been scheduled by the Court for February 10, 2016 (the "Second Interim Hearing"), which was subsequently continued to February 12, 2016; and with a further hearing scheduled for February 26, 2016 (the "Third Interim Hearing") with respect to the Motion and the Debtors' request for the Court's consideration of this Second Interim Order; upon the proceedings at the Interim Hearing, the Second Interim Hearing, the Third Interim Hearing and the record herein; and adequate and sufficient notice of this Second Interim Order as contemplated by the Motion; and after considering objections, if any, to the Motion and to entry of this Second Interim Order; and the Court having determined that the relief requested in the Motion and approval of the Second Interim Order is in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 361, 362, 364(c) and 364(d) of the Bankruptcy Code, Rules 2002, 4001(c)-(d), 9014 of the Bankruptcy Rules, and Rules 4001-2, 4001-3, 9013-1(f)-(g) of the Local Rules.

C. Notice of the Motion, this Second Interim Order and the Third Interim Hearing was (i) due, proper, timely, adequate and sufficient under the Bankruptcy Code,

the Bankruptcy Rules, and the Local Rules and (ii) good, sufficient, and appropriate under the particular circumstances of these cases, accordingly no further or other notice is required.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted in accordance with the terms and conditions of this Second Interim Order. Any objections to entry of this Second Interim Order that have not been withdrawn, waived or settled, and all reservations of rights therein, are hereby denied and overruled.

2. The Debtors are hereby authorized to borrow up to $1,875,000 from Plastic Ties Financing LLC (the "DIP Lender"), pursuant and subject to the terms of this Second Interim Order and the budget attached hereto (the "Approved Budget"), for the purposes permitted hereunder, and to incur and pay interest and all fees and expenses to the DIP Lender and its counsel.

3. The funds loaned by the DIP Lender pursuant to this Second Interim Order shall be secured by first-priority, perfected liens in the DIP Collateral and otherwise protected on the same terms as set forth in the First Interim Order with respect to the DIP Liens. For the avoidance of doubt, DIP Collateral shall not include (i) any collateral of Community Bank and (ii) any proceeds from the sale of collateral of Community Bank.

4. The DIP Lender shall be entitled to interest (including default interest), fees and costs for the loans made under this Second Interim Order on the same terms and conditions as approved by the First Interim Order for the loans made pursuant to the First Interim Order. The rights of the Debtors and parties in interest to object to the

reasonableness of the DIP Lender's legal fees are preserved and are subject to review by the Debtors, the U.S. Trustee and the Committee's counsel upon 10 days prior notice.

5. The Debtors' use of DIP Financing proceeds and their use of Cash Collateral shall be in strict accordance with the Approved Budget. For each period covered by the Approved Budget, the aggregate actual disbursements by the Debtors during such period of determination must be no greater than 125% for the first week of the Approved Budget and 110% thereafter of the aggregate amount of projected disbursements relating to the anticipated necessary, required and incurred expenses for such period for each category as set forth in the Approved Budget.

6. All (i) DIP Obligations shall be immediately due and payable, and (ii) authorization to use Cash Collateral shall cease on May 16, 2016 or on the occurrence of a default, violation or breach hereunder, a DIP Event of a Default or a Cash Collateral Event of Default.

7. Neither the DIP Lender nor Kronstadt shall be entitled to take enforcement actions against the Debtors for any default under this Second Interim Order except upon 5 calendar days' written notice to the Debtors, the Committee and the U.S. Trustee; provided, however, that the DIP Lender shall not be required to fund any amounts under this Second Interim Order after a default under this Second Interim Order has occurred.

8. The DIP Lender has acted in good faith in connection with the loans contemplated by this Second Interim Order and shall be entitled to the protections of 11 U.S.C. § 364(e) to the fullest extent under applicable law for any loans made hereunder.

9. Subject and subordinate to the Carve-Out and limitations of paragraph 3, the DIP Liens and the Replacement Liens granted to the DIP Lender shall be senior to

and shall not be subject or subordinate to (i) any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code or (ii) any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors other than as expressly permitted under the DIP Facility, including the security interest and liens of Community Bank, and that certain ad valorem tax lien of McClennan County in the amount of $143,100.60 as of February 9, 2016 (to the extent such lien and claim is permitted and allowed).

10. The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Second Interim Order and the rights of the parties set forth herein, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for any one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or order confirming such chapter 11 plan or any order dismissing or closing these Cases.

Dated: February 26, 2016
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

PRIVILEGED & CONFIDENTIAL

Axion International, Inc.
Cash Flow Budget (Post Filing)

| | | 7 | 14 | 21 | 28 | 35 | 42 | 49 | 56 | 63 | | | | | TOTALS | | | Approved Budgets | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Number >> | | 89 | 96 | 103 | 110 | 117 | 124 | 131 | 138 | 145 | 18 | 19 | 20 | 21 | 22 | (12 thru 18) | (12 thru 22) | (1 thru 18) | Revised #2 | Original #1 |
| Week Ending >> | | 2/26 | 3/4 | 3/11 | 3/18 | 3/25 | 4/1 | 4/8 | 4/15 | 4/22 | 4/29 | 5/6 | | | | | | | | |

Post-Filing by WEEKS

**Receipts**
| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (1) AR Collections | $ 92,367 | $ 266,693 | $ 247,483 | $ 319,916 | $ 409,623 | | | | | | | | | $ 1,428,062 | $ 1,428,062 | $ 4,558,420 | | |
| (2) Open Sales Orders | 3,100 | | | | | | | 143,310 | 166,551 | | 73,020 | | | | 146,410 | 385,981 | 146,410 | | |
| (3) NJ Transit Order - not produced yet | | | | | | | | 153,000 | 188,200 | | | | | | 153,000 | 494,200 | 153,000 | | |
| (3) OTHER orders | | | | | | | 91,980 | 288,571 | 291,060 | 291,060 | 291,060 | | | | 109,117 | 1,270,869 | 108,930 | | |

| **Total Receipts** | $ 95,467 | $ 266,693 | $ 247,483 | $ 319,916 | $ 409,623 | $ - | $ 497,408 | $ 441,571 | $ 645,811 | $ 291,060 | $ 364,080 | | | | $ 1,836,590 | $ 3,579,112 | $ 4,966,760 | $ 4,963,660 | $ 4,717,496 |

**Disbursements - Operating**
| (5) Payroll | $ 160,612 | | $ 164,705 | | $ 167,137 | | $ 167,137 | | $ 167,137 | | $ 167,137 | | | | $ 729,471 | $ 1,103,796 | $ 1,761,688 | $ 1,766,859 | $ 1,343,316 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (5) Health, dental, life | 29,829 | | | | 35,000 | | | | | 35,000 | | | | | | | | | |
| (5) Workers comp - OH & TX | | | | | 5,051 | | | | | 5,051 | | | | | | | | | |
| (6) Raw materials - HDPE orders | 69,661 | 147,350 | 145,440 | 163,240 | 149,240 | 149,240 | 149,240 | 149,240 | 149,240 | 149,240 | 149,240 | | | | 1,194,068 | 1,909,468 | 2,561,217 | 2,718,126 | 2,377,174 |
| (6) Raw materials - GFPP orders | 11,557 | 22,515 | 26,765 | 26,765 | 26,765 | 24,750 | 24,750 | 24,750 | 24,750 | 24,750 | 24,750 | | | | | | | | |
| (7) Raw materials - color, parts, fab, etc. | | | 19,440 | 37,350 | | | | 19,440 | | | | | | | | | | | |
| (4) Freight - customers | 17,900 | 19,350 | 14,786 | 6,667 | 6,667 | | | | 17,333 | 17,333 | 17,333 | | | | 65,370 | 117,370 | 251,451 | 293,051 | 215,025 |
| (8) TX - Operating expenses | 42,233 | 8,000 | 53,649 | 8,000 | 38,000 | 25,810 | 8,000 | 8,000 | 38,000 | 8,000 | 8,000 | | | | 183,692 | 245,692 | 300,162 | 300,162 | 292,335 |
| (9) TX - Emergency facility repairs | | | | | | | | | | | | | | | | 45,508 | 45,508 | 57,146 | |
| (10) TX - Restart 6" extruder | 25,000 | | 18,500 | 12,500 | | | | | | | | | | | 56,000 | 56,000 | 61,199 | 61,199 | 80,000 |
| (11) TX - Rent | | 23,207 | | | | 23,207 | | | | | | | | | 46,414 | 69,622 | 115,287 | 115,287 | 69,622 |
| (8) OH - Operating expenses | 11,169 | 8,000 | 8,000 | 8,000 | 28,000 | 8,000 | 8,000 | 8,000 | 28,000 | 8,000 | 8,000 | | | | 79,169 | 131,169 | 127,667 | 127,667 | 84,097 |
| (11) OH - Rent | | 27,318 | | | | 27,318 | | | | | | | | | 54,636 | 81,955 | 135,710 | 135,710 | 81,955 |
| (12) SG&A - Operating expenses | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | | | | 28,000 | 44,000 | 52,793 | 52,793 | 53,560 |
| (13) Commercial insurance program | | | | 8,936 | | | | 8,936 | | | | | | | 8,936 | 17,873 | 175,348 | 175,348 | 175,148 |
| (14) Royalty - Rutgers | | | | | | | | | | | | | | | | | 75,922 | 75,922 | 75,922 |
| (15) Variance | 18,598 | 12,987 | 22,764 | 13,773 | 22,993 | 13,116 | 18,056 | 11,118 | 21,423 | 12,559 | 21,449 | | | | 122,288 | 188,847 | 122,288 | 137,472 | 469,027 |

| **Total Disbursements - Operating** | $ 390,559 | $ 272,727 | $ 478,050 | $ 289,231 | $ 482,853 | $ 275,441 | $ 379,183 | $ 233,485 | $ 449,883 | $ 263,943 | $ 430,435 | | | | $ 2,568,045 | $ 3,965,791 | $ 5,786,239 | $ 6,000,103 | $ 5,374,325 |

| **Operating Cash Flow** | $ (295,092) | $ (6,034) | $ (230,567) | $ 30,685 | $ (73,229) | $ (275,441) | $ 118,224 | $ 208,086 | $ 195,928 | $ 27,117 | $ (86,355) | | | | $ (731,455) | $ (386,679) | $ (819,479) | $ (1,036,443) | $ (656,830) |

**Disbursements - Administrative Expenses**
| (16), (34) Prof - general counsel | | $ 4,167 | $ 4,167 | $ 4,167 | $ 8,333 | $ 8,333 | | | | | $ 8,333 | | | | $ 29,167 | $ 37,500 | $ 29,167 | $ 37,500 | $ 150,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (22), (34) Prof fees - debtor's counsel | | 23,611 | 23,611 | 23,611 | 47,222 | | | | | | 94,444 | | | | 118,056 | 212,500 | 218,056 | 312,500 | 300,000 |
| (24), (34) Prof fees - Statutory committee | | 36,111 | 36,111 | 36,111 | 72,222 | 22,000 | | | | | 122,444 | | | | 202,556 | 325,000 | 227,556 | 350,000 | 25,000 |
| (33) Unsecured creditors | | | | | | | | | | | 312,500 | | | | | 312,500 | | 312,500 | |
| (30) Prof Fees - year-end audit (10-K & LLC?) | | 50,000 | 50,000 | 50,000 | | | | | | | 50,000 | | | | 150,000 | 200,000 | 150,000 | 200,000 | 80,000 |
| (26) Prof Fees - tax prep/wrap up | | | | | | | | | | | | | | | | | | | 35,000 |
| (26) US Trustee fee | | | | | | 13,000 | | | | | | | | | 13,000 | 13,000 | 20,150 | 20,150 | 25,000 |
| (27) R/E, personal property, s/u, etc. | | | | | | | | | | | | | | | | | 100,987 | 100,987 | 243,869 |

| **Total Disbursements - Admin Expenses** | $ - | $ 113,889 | $ 113,889 | $ 113,889 | $ 127,778 | $ 43,333 | $ - | $ - | $ - | $ - | $ 587,722 | | | | $ 512,778 | $ 1,100,500 | $ 644,928 | $ 1,232,650 | $ 527,869 |

**Disbursements - Non-operating**
| (23) Prof fees - claims agent | | | | $ 16,686 | | | $ 34,719 | | | | | | | | $ 51,405 | $ 51,405 | $ 104,561 | $ 104,561 | $ 70,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (25) Utilities deposits | | | | | | | | | | | | | | | | | 35,951 | 35,951 | 40,000 |
| (17) Legal - commercial counsel | | | | | | | | | | | | | | | | | | | 14,000 |
| (18) Legal - Johnson suit defense retention | | | | | | | | | | | | | | | | | | | 25,000 |
| (19) Legal - IP/trademark counsel | | | | | | | | | | | | | | | | | | | 20,000 |

| **Total Disbursements - Non-Operating** | $ - | $ - | $ - | $ 16,686 | $ - | $ - | $ 34,719 | $ - | $ - | $ - | $ - | | | | $ 51,405 | $ 51,405 | $ 140,512 | $ 140,512 | $ 169,000 |

**Interest**
| (28) State of Ohio (10th) | | | | | | | $ 50,262 | | | | | | | | $ 50,262 | $ 50,262 | $ 50,262 | $ 50,262 | $ 23,904 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (29) DIP Loans | | | | | | | | | | | | | | | | | | | 47,017 |

| **Total Debt Service** | $ - | $ - | $ - | $ - | $ - | $ - | $ 50,262 | $ - | $ - | $ - | $ - | | | | $ 50,262 | $ 50,262 | $ 50,262 | $ 50,262 | $ 70,921 |

| **Net Cash Flow** | $ (295,092) | $ (119,923) | $ (344,456) | $ (99,890) | $ (201,007) | $ (318,775) | $ 33,243 | $ 208,086 | $ 195,928 | $ 27,117 | $ (674,077) | | | | $ (1,345,900) | $ (1,588,846) | $ (1,756,169) | $ (2,560,855) | $ (1,755,619) |

| Beginning Cash Balance | $ 278,302 | $ 158,209 | $ 263,286 | $ 268,830 | $ 243,940 | $ 167,933 | $ 224,159 | $ 257,402 | $ 465,488 | $ 661,416 | $ 688,533 | | | | $ 278,302 | $ 278,302 | $ 188,571 | $ 188,571 | $ 153,050 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net Cash Flow | (295,092) | (119,923) | (344,456) | (99,890) | (201,007) | (318,775) | 33,243 | 208,086 | 195,928 | 27,117 | (674,077) | | | | (1,345,900) | (1,588,846) | (1,756,169) | (2,560,855) | (1,755,619) |
| (29) DIP Loan Advances | 175,000 | 225,000 | 350,000 | 75,000 | 125,000 | 375,000 | | | | | 550,000 | | | | 1,875,000 | 1,875,000 | 2,375,000 | 2,375,000 | 1,650,000 |
| **Ending Cash Balance** | $ 158,209 | $ 263,286 | $ 268,830 | $ 243,940 | $ 167,933 | $ 224,159 | $ 257,402 | $ 465,488 | $ 661,416 | $ 688,533 | $ 564,456 | | | | $ 807,402 | $ 564,456 | $ 807,402 | $ 2,716 | $ 47,431 |

Total DIP Advances including Prepetition >> 2,725,000